**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Freeman JOHNSON, Defendant-
Appellant.**

**No. 74–1375.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 23, 1974.

Decided Nov. 26, 1974.

Certiorari Denied March 31, 1975.
See 95 S.Ct. 1448.

Robert A. Zaban, Indianapolis, Ind., for defendant-appellant.

John R. Wilks, U. S. Atty., Fort Wayne, Ind., John S. Leonardo, Asst. U. S. Atty., South Bend, Ind., for plaintiff-appellee.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and STEVENS, Circuit Judge.

PER CURIAM.

Defendant-appellant Freeman Johnson was convicted by a jury of three counts of knowingly and intentionally distributing heroin in violation of 21 U.S.C. § 841 (a)(1). Pursuant to 21 U.S.C. § 851 a prior conviction information was also filed against Johnson charging him with two prior narcotic convictions in state courts. Appellant was sentenced under the double penalty provisions of 21 U.S.C. § 841(b)(1)(A) [1] to five years on each

1. In the case of a controlled substance in schedule I or II which is a narcotic drug, such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $25,000, or both. If any person commits such a violation after

count to run concurrently and a special parole term of six years.

 The facts in this case are very simple. An undercover policeman testified that on three occasions he bought capsules containing heroin from defendant. A chemist verified that the capsules contained heroin. Defendant did not testify nor was any evidence introduced on his behalf. The defense did submit a proposed lesser included offense instruction relating to the crime of simple possession of a controlled substance which was rejected.

The only alleged error raised in regard to the conviction itself is the refusal to give this lesser included offense instruction. Defendant recognizes that present case law indicates that such an instruction is proper only when the charged greater offense requires that the jury find a disputed factual element which is not a requisite for conviction of the lesser included offense. Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965); United States v. Hephner, 410 F.2d 930 (7th Cir. 1969). Here such a disputed factual element would have to concern the question of whether there was a distribution. At trial, however, there was no attempt made to dispute the fact of distribution as opposed to mere possession. Defendant, though, argues that to require that there be such a disputed factual issue infringes on his Fifth Amendment right to remain silent since he would have to testify in order to raise a factual challenge. This argument is without merit. As the Government states, the disputed issue could be introduced by means of defense witnesses, other than the defendant, or even by cross-examination of prosecution witnesses. Upholding the rejection of this tendered instruction does not impair a defendant's right to remain silent.

 We turn to another issue. At oral argument we sua sponte questioned the use of state court convictions to invoke the double penalty provision of § 841(b)(1)(A) since the statute refers to "prior convictions . . . for an offense punishable under . . . any . . . other law of the United States relating to narcotic drugs . . . . " The phrase "law of the United States" would appear to encompass only federal laws and not state laws. At our request the Assistant United States Attorney has filed a memorandum addressing this issue. Though no cases were found interpreting this section, the Government did note the specificity of the language of 21 U.S.C. § 849(e) which defines "a special drug offender" as one who "has previously been convicted in courts of the United States or a State or any political subdivision thereof . . . . " Moreover, we have been informed that it is the policy of the Justice Department to limit the use of prior convictions under § 841 to federal convictions only. Thus, the filing of the prior conviction information and sentencing pursuant to the double penalty provisions were improper. Although the sentence imposed was within the statutory limits of the penalty provisions of § 841 relating to first convictions, we believe the defendant must be resentenced under the proper portion of the statute, especially in view of the fact that the six year special parole term is a mandatory requirement under the double penalty provision.

Accordingly, the judgment of conviction is affirmed; the cause is remanded with directions that the defendant be resentenced.

one or more prior convictions of him for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 30 years, a fine of not more than $50,000, or both. Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a special parole term of at least 6 years in addition to such term of imprisonment.