UNITED STATES of America, Plaintiff-Appellee,

v.

Richard Glenn MOTLEY, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Michael Lee MUSICK, Defendant-Appellant.

Nos. 80–1731, 80–1732.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 1981.

Decided Aug. 31, 1981.

Rehearing Denied Oct. 7, 1981.

As Modified on Denial of Rehearing Jan. 11, 1982.

David McNeil Morse, San Francisco, Cal., for Motley.

Charles Gretsch, San Francisco, Cal., for Musick.

Sanford Svetcov, Asst. U. S. Atty., San Francisco, Cal., for United States.

Before DUNIWAY and NORRIS, Circuit Judges, and HANSON,* District Judge.

NORRIS, Circuit Judge:

Appellants Musick and Motley were two of many defendants tried in the vast Hells Angels RICO (drug) conspiracy trial of the winter of 1979 and the spring of 1980. After nine months of trial and three weeks of deliberation, the jury was unable to reach a verdict. A mistrial was declared on defendants' motion and over the government's objection. After the mistrial, the government obtained a superseding indictment against both Musick and Motley which, instead of charging RICO and conspiracy offenses, charges the underlying drug offenses.

The original indictment had charged Motley with one substantive count of violating the RICO Act, 18 U.S.C. § 1962(c), one count of conspiring to violate the RICO Act, 18 U.S.C. § 1962(d), and one count of using a firearm to commit a felony, 18 U.S.C. § 924(c)(1). These charges carried a possible combined penalty of 50 years and $50,-000 in fines. At the close of the government's case, the court dismissed Motley's firearm count, thereby reducing his possible prison term to 40 years. The superseding indictment charges Motley with four counts of violating 21 U.S.C. § 841(a)(1): possession and distribution of methamphetamine and heroin. These counts expose Motley to

* The Honorable William C. Hanson, Senior United States District Judge, Northern and Southern Districts of Iowa, sitting by designation.

a possible prison term of 40 years plus a 10-year enhancement for a prior conviction, 21 U.S.C. §§ 841(b)(1)(B), 851, and $80,000 in fines.

The charges made against Motley in the original indictment were also made against Musick. In addition, Musick was charged with a count of violating § 924(c), increasing his possible punishment to 60 years in prison and $50,000 in fines. The superseding indictment charges Musick with three counts of possession or distribution of methamphetamine, each of which carries a maximum penalty of 5 years. 21 U.S.C. §§ 841(a)(1), (b)(1)(B). It charges him in one count with carrying a firearm while committing one of the drug offenses. This carries a penalty of 10 years. *See* 18 U.S.C. § 924(c). It charges possession of a silencer in violation of 26 U.S.C. § 5861(d). This also carries a penalty of 10 years. 26 U.S.C. § 5871. Finally, it charges in one count that Musick, a convicted felon, unlawfully possessed certain weapons in violation of 18 U.S.C. App. § 1202(a). This carries a penalty of 2 years. Thus the new indictment exposes Musick to a possible sentence of 37 years. He is also exposed to fines of $55,000.

■ Musick and Motley joined in a motion to dismiss the superseding indictment for vindictive prosecution. The district court's order denying the motion is immediately appealable as a final decision under 28 U.S.C. § 1291. *United States v. Hollyood Motor Car Co.*, 646 F.2d 384 (9th Cir. 1981); *United States v. Griffin*, 617 F.2d 1342 (9th Cir.), *cert. denied*, 449 U.S. 863, 101 S.Ct. 167, 66 L.Ed.2d 80 (1980).

## I.

■ On the face of it, Motley makes a persuasive case that the government in fact "upped the ante" in the new indictment.

He faces the possibility of a 10-year longer prison term because of the enhancement for a prior conviction, as well as $30,000 more in fines. A re-indictment increasing the severity of the charges following the exercise of a procedural right creates an appearance of vindictiveness which, if not dispelled by the government, constitutes a due process violation. *United States v. Griffin*, 617 F.2d at 1347.[1]

■ The government's response to Motley's vindictive prosecution claim is that the possibility of a 10-year enhancement for a prior offense pursuant to 21 U.S.C. §§ 841(b)(1)(B), 851 does not in and of itself create an appearance of vindictiveness because the enhancement takes effect only if the prosecution files an information with the district court. Moreover, the government represents in Motley's case that no information will be filed unless other charges against him are dropped. The government's argument raises what seems to be a question of first impression as to the effect of such an enhancement provision on the determination whether a superseding indictment increases the severity of the charges.

The "appearance of vindictiveness" rule is a prophylactic rule designed both to protect the present defendant from vindictiveness and to prevent a chilling of the exercise of rights by other defendants in the future. *United States v. DeMarco*, 550 F.2d 1224, 1227 (9th Cir.), *cert. denied*, 434 U.S. 827, 98 S.Ct. 105, 54 L.Ed.2d 85 (1977). We find that the indictment in this case, which contains an enhancement provision that will take effect only if later activated by the prosecution, will raise the same dangers of vindictiveness and a chilling effect on future defendants as does an indictment that is more severe on its face. In either case, the appearance of vindictiveness is the

1. If the government increases the severity of the charges following a defendant's exercise of a procedural right, the sequence of events gives rise to an appearance of vindictiveness, shifting the burden to the government to prove that the decision to re-indict with more severe charges did not result from any vindictive motive. "Instead, the prosecutor, to rebut the presumption, must show his decision to re-indict with more severe charges was 'justified by independent reasons or intervening circumstances which dispel the appearance of vindictiveness.' " *United States v. Burt*, 619 F.2d 831, 836 (9th Cir.1980), *quoting United States v. Griffin*, 617 F.2d at 1347.

same: the defendant is faced with a potentially longer prison term as a consequence of successfully moving for a mistrial. The fact that it is within the prosecutor's discretion whether to file at a later time an information to enforce the enhancement does not alter the situation; in every case it remains within the prosecutor's discretion to decide at a later time to reduce the maximum potential prison term by dismissing charges in the indictment. Once the government has created an appearance of vindictiveness, it cannot by its own later self-restraint cure the chilling effect of its original action. *See United States v. Hollywood Motor Car Co.*, 646 F.2d at 386–89 (where government threatened retaliation and then filed more severe indictment, later voluntary dismissal of some of the counts of the indictment to reduce the maximum sentence faced by each defendant to less than under the original indictment did not cure appearance of vindictiveness). The key is the maximum prison term the defendant faces under the indictment; the risk to the defendant under the enhancement provision is unmistakably clear to all concerned.[2]

Second, we note that allowing the prosecutor to hold the enhancement provision in abeyance puts the defendant in a worse position than he faced under the first indictment. *The prosecutor is able to hold the enhancement provision in reserve. If the prosecutor runs into any difficulties in preparing his case on any of the charges in the indictment, he can dismiss that charge and substitute the enhancement provision. As a result, the defendant is more likely to receive the maximum permissible sentence.* We conclude that Motley has succeeded in establishing an appearance of vindictiveness because of the more severe indictment he now faces.[3] The government therefore

bears the burden of justifying the new indictment.

The government attempts to justify the increased severity of the new indictment on the ground that in reformulating the charges to focus on the substantive crimes that Motley allegedly committed, rather than on RICO and conspiracy offenses, it was acting to simplify and shorten the trial. Indeed, after mistrial, when the government was considering going to a second massive trial on the old charges, the district court judge who was going to hear the second conspiracy trial strongly suggested that the government simplify its case and break it into smaller segments. The government contends that the advice of the district court judge, and the prosecutorial goal of a simpler and faster trial, justify the new indictment.

We agree with the government that the decision to reformulate the charges is justified by the factors it relies upon. What the government needs to justify, however, is not the change in the nature of the charges in the indictment, but the increase in the severity of the charges in the indictment. This it has not done. The government could have framed an indictment charging substantive drug offenses whose maximum terms were no greater than those facing the defendant at the first trial. The government chose to frame a more severe indictment. That is the choice that raises the appearance of prosecutorial vindictiveness, and that is what it has failed to justify.

The government's other justification is that the prosecutor drafting the new indictment did not realize that it exposed Motley to greater punishment than he faced

**2.** In its petition for rehearing, the government belatedly claims that *United States v. Johnson*, 506 F.2d 305, 307 (7th Cir. 1974), *cert. denied*, 420 U.S. 1005, 95 S.Ct. 1579, 43 L.Ed.2d 784 (1975), and internal Justice Department policy limit the enhancement provisions of 21 U.S.C. §§ 841(b)(1)(B), 851 to defendants with prior *federal* convictions. Since Motley's prior conviction was on a state charge, the government now argues that the superseding indictment did not expose Motley to greater punishment, and thus created no appearance of vindictiveness.

We disagree. Our decision here rests upon the superseding indictment's "appearance" of vindictiveness which the government failed to dispel. Apparently, neither the defendant, the

court, nor the government was aware of *Johnson* or the Justice Department policy at the time of the superseding indictment and the district court's denial of Motley's motion to dismiss for vindictive prosecution. Thus, the superseding indictment still *appeared* to threaten Motley with enhanced criminal penalties because he had successfully moved for a mistrial.

**3.** Because we conclude that the enhancement provision increases the severity of the charges so as to create an appearance of vindictiveness, we do not reach the issue whether the increased fine creates an appearance of vindictiveness against Motley.

before. Carelessness, however, is not an acceptable justification of an increase in the severity of an indictment. *See United States v. Ruesga-Martinez*, 534 F.2d 1367, 1370 (9th Cir. 1976). The government must point to objective factors, and not subjective good faith, to justify the increase in severity. *United States v. Andrews*, 633 F.2d 449, 456 (6th Cir. 1980) (en banc), *cert. denied*, 450 U.S. 927, 101 S.Ct. 1382, 67 L.Ed.2d 358 (1981).

### II.

■ Since the government has not justified the filing of a more severe indictment against Motley, we find a violation of the due process clause, and must determine a remedy.[4] In some vindictive prosecution cases involving an interlocutory challenge to a successor indictment which added new charges, courts have dismissed the new counts, leaving intact the counts that were also in the original indictment. *United States v. Andrews*, 633 F.2d at 455. *See also United States v. Hollywood Motor Car Co.*, 646 F.2d at 388–89. In this case, however, the new indictment substituted totally different charges for those in the original indictment. To dismiss any particular count, or to bar the enhancement provision, in order to purge the new indictment of the taint of being more severe than the original indictment, would be to substitute judicial for prosecutorial discretion in determining which charges to bring. This we cannot do. The entire indictment must therefore be dismissed. The government is free to seek a new indictment which is consistent with this opinion. *United States v. Jamison*, 505 F.2d 407, 417 (D.C. Cir. 1974).

### III.

■ Musick does not claim that the government increased the severity of the

charges against him in obtaining the superseding indictment following his successful motion for a mistrial. Relying solely on the authority of *United States v. D'Alo*, 486 F.Supp. 954 (D.R.I. 1980), Musick argues that when the prosecution increased the likelihood he would be convicted by simplifying its case in the superseding indictment, the prosecution appeared to be acting vindictively in response to his mistrial motion. As Musick points out, *D'Alo* did extend *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), and its progeny to a situation similar to Musick's on the strength of the reasoning that reformulating charges to increase the chance of conviction amounted to penalizing defendant for the exercise of his procedural rights. Because we find this reasoning unpersuasive, we decline to follow *D'Alo* in extending *Blackledge* and its progeny as Musick urges us to do.[5]

Here, as in *D'Alo* we have a simple case of a prosecutor doing what every trial lawyer tries to do: improve his chances of winning on retrial by learning from his mistakes at the original trial. It is understandable why the prosecutor would abandon the RICO substantive and conspiracy counts with all their complications in favor of straightforward charges of the predicate drug offenses. After a long, fruitless trial, the complex RICO counts lost some of their seductive appeal. We simply fail to see how dropping the RICO counts in favor of the substantive drug counts gives rise to even a suggestion that the prosecution was retaliating against Musick for successfully moving for a mistrial. The only "penalty" resulting from Musick's exercise of a procedural right is nothing more than the risk that all litigants run if a case is retried: your adversary may make adjustments in

4. The trial judge has stated in the record that he will not sentence Motley to more than forty years in prison. We know of no court, however, that has held that limitation of the defendant's sentence to the maximum allowable under the old indictment is a proper remedy. Certainly if the defendant will suffer any prejudice from having to defend against a more severe indictment, the remedy is dismissal, and not a limited sentence. *See Blackledge v. Perry*, 417 U.S. 21, 31 n.8, 94 S.Ct. 2098, 2104 n.8, 40 L.Ed.2d 628 (1974). We have already determined that Motley would suffer prejudice if brought to trial under the current indictment. *See* text preceding note 2, *supra*.

5. There is language in *United States v. Hollywood Motor Car Co.*, 646 F.2d at 388, which seems to parallel the reasoning of *D'Alo*. The language in *Hollywood Motor Car*, however, was not part of the determination whether there was an appearance of vindictiveness. Rather, the court, having determined on other grounds that an appearance of vindictiveness existed, noted the increased chance of conviction in deciding that the government's subsequent dismissal of some of the charges in the indictment did not totally dispel the prejudice to the defendant caused by the filing of the apparently vindictive indictment.

his case based on what he learned at the first trial.[6]

We emphasize that we are not dealing with a superseding indictment increasing the severity of the charges. Rather, Musick's maximum possible prison term under the new indictment is significantly less than under the original indictment.[7] We therefore see no reason to suspect a retaliatory motive in what the prosecution did and find no appearance of vindictiveness. Accordingly, we decline to extend *Blackledge* to a case where the prosecutor reformulates charges to increase the chance of conviction.

We accordingly AFFIRM with respect to Musick. With respect to Motley, we REVERSE the ruling of the district court and REMAND for further proceedings consistent with this opinion.

**6.** There would indeed be a constitutional problem implicating the double jeopardy clause if the prosecutor used the first trial to test his case and to discover the defense strategy, and then provoked the defendant into requesting a mistrial in order to have a better chance of conviction at a second trial. *See United States*

*v. Dinitz,* 424 U.S. 600, 611, 96 S.Ct. 1075, 1081, 47 L.Ed.2d 267 (1976). But that was not the situation in *D'Alo,* and is not the situation here.

**7.** Musick does not argue that the $5,000 increase in the potential fine makes the new indictment more severe.