**UNITED STATES of America, Plaintiff,**

v.

**Wayne Alan CARSTENS, Brian Keith Solomon, and Miriam Faith DeCora, Defendants.**

**No. CR 89–4014.**

United States District Court, N.D. Iowa, W.D.

Dec. 27, 1989.

See also, 914 F.2d 131.

Kandice Wilcox, Asst. U.S. Atty., Sioux City, Iowa, for U.S.

Bruce Simon, Kansas City, Mo., for Carstens.

Gary Wenell, Sioux City, Iowa, for De-Cora.

Dennis Hendrickson, Sioux City, Iowa, for Solomon.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

This matter comes before the court pursuant to the defendants' motions to dismiss filed pursuant to the Speedy Trial Act, defendant Solomon's October 4, 1989 motion to suppress statement and his October 10, 1989 motion to suppress physical evidence, and the defendants' motion to dismiss for prosecutorial vindictiveness.

■ No violation of defendant Solomon's right to a speedy trial occurred. He was arraigned on July 19, 1989 and the government's motion to consolidate was filed on July 25, 1989. Solomon filed motions on August 2, 1989 that were resolved on September 27, 1989. The government filed a motion to continue on September 29, 1989 due to the unavailability of an essential witness and Solomon filed motions on October 3 and October 4, 1989 that were the subject of hearings on October 10, 1989 and December 8, 1989. The most recent of these motions is resolved herein.

No violation of Carstens' right to a speedy trial occurred. Carstens was arraigned on June 19, 1989 and filed a motion for continuance on July 6, 1989 requesting that his trial be delayed until Solomon could be found. Solomon's August 2, 1989 motions together with Carstens' motion filed August 9, 1989 tolled the speedy trial deadline until Solomon's trial was severed on September 27, 1989. The government moved to continue Carstens' case on September 29, 1989 to secure an essential witness. Carstens then filed a motion to dismiss on November 14, 1989. This final motion to dismiss is resolved herein. Together with motions filed on behalf of Solomon prior to severance and the motions of the government, no Speedy Trial Act violation occurred.

There is no violation of DeCora's right to speedy trial. She was arraigned on June 20, 1989. DeCora filed no motions prior to

November 2, 1989 when she filed her Speedy Trial Act motion. However, the motions filed on behalf of Solomon (prior to severance), Carstens, and the government tolled the speedy trial period. Pursuant to 18 U.S.C. § 3161(h)(1)(F); (h)(1)(J); (h)(3); (h)(7), and *Henderson v. United States*, 476 U.S. 321, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986), the motions to dismiss are denied. The court has also weighed the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1971), and finds no violation of the defendants' Sixth Amendment right to a speedy trial.

## PROSECUTORIAL VINDICTIVENESS

■ The defendants contend that the superseding indictment adding a weapons charge against the defendants should be dismissed for prosecutorial vindictiveness. Specifically, the defendants contend that the government added this additional charge to punish them for their refusal to plead guilty and for demanding a jury trial. In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the United States Supreme Court held that a court is without the right to put a price on the defendant's exercise of his right to appeal an adverse decision. However, in *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), the Court held that the due process clause is not offended by all possibilities of increased punishment after the defendant exercises a constitutional right but only those that pose a "realistic likelihood of vindictiveness." It is clear that not every exercise of a constitutional right followed by a threat of more serious charges will give rise to a presumption of vindictiveness. In *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the Supreme Court held that in the context of pre-trial plea bargaining, there is no reasonable likelihood of punishment or retaliation by the prosecutor so long as the accused is free to accept or reject the prosecution's offer. Finally, in *United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), the Court discussed several procedural rights commonly invoked by defendants prior to trial that do not possess a reasonable likelihood of a vindictive response. These include the filing of suppression motions, challenging the sufficiency of an indictment, pleading affirmative defenses, requesting psychiatric services, obtaining access to government files, and demanding trial by a jury. With respect to the assertion of these rights, the Court stated, "It is unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and to deter." *Goodwin, supra*, 457 U.S. at 381, 102 S.Ct. at 2493. *Goodwin* makes it clear that the mere opportunity for vindictiveness is insufficient to justify the imposition of the presumption of vindictiveness.

The Circuit Courts of Appeals have consistently found that the presumption of vindictiveness does not arise where the government has chosen to file additional charges against the defendant prior to his invocation of a right to appeal. *United States v. Whaley*, 830 F.2d 1469 (7th Cir. 1987); *United States v. Khan*, 787 F.2d 28 (2d Cir.1986); *United States v. Ruppel*, 724 F.2d 507 (5th Cir.1984); *United States v. Mays*, 738 F.2d 1188 (11th Cir.1984).

The defendants rely heavily on the case of *United States v. Motley*, 655 F.2d 186 (9th Cir.1981). In this case, the defendant was reindicted on charges carrying ten additional years of potential incarceration as well as $30,000 more in fines after his initial indictment resulted in a mistrial due to a hung jury. The mistrial was declared at the request of the defendant and over the objection of the government. The Ninth Circuit Court of Appeals held that the new indictment increasing the severity of the charges following the exercise of a procedural right created the "appearance" of vindictiveness which, if not dispelled by the government, constituted a due process violation.

The *Motley* case is distinguishable. First, the defendant in the *Motley* case had already been through a trial when he invoked his right to move for a mistrial. Second, the authorities noted above from the other circuit courts of appeals show that the greater weight of authority rejects the *Motley* holding. Finally, the *Motley*

decision applied the "appearance of vindictiveness" standard. Since then, the *Goodwin* case reaffirms the "realistic likelihood of vindictiveness" standard and specifically stated that no presumption of vindictiveness should apply in situations such as those now before the court.[1]

## MOTION TO SUPPRESS STATEMENTS

█ Defendant Solomon's October 4, 1989 motion to suppress statements made by him to the county attorney is denied. Pursuant to 18 U.S.C. § 3501 the government bears the burden of proving by a preponderance of the evidence that any confession was made voluntarily. The court has examined the factors of § 3501(b) and finds that it is quite clear that the statement was made voluntarily. Most notably, the defendant was represented by an attorney at the time he made the statement. His attorney cautioned him not to make the statement but the defendant insisted that he would make the statement in an attempt to exculpate his now codefendant. Several times throughout the statement, the defendant admitted that he was making the statement freely and voluntarily. The court is persuaded that the defendant carefully weighed his options and chose to run the risk that has now materialized.

## MOTION TO SUPPRESS PHYSICAL EVIDENCE

On March 11, 1989, law enforcement officers executed a search warrant on the residence of defendant Carstens. During the execution of this search warrant, law enforcement officials found what they believed to be an automatic weapon in the top dresser drawer of the bedroom. It was accompanied by a magazine clip capable of holding numerous bullets. Further, a padlocked suitcase was seized and opened at the police station at a later time. The defendants challenge the seizure of the weapon and the opening of the suitcase without a subsequent warrant. This motion is denied.

It is clear that defendant Carstens has standing to object to the execution of the warrant as he has a legitimate expectation of privacy at his residence. The court assumes, without deciding, that defendant DeCora has standing to object to this search as well. However, defendant Solomon has no standing as he has no legitimate expectation of privacy at that residence.

█ Because the search warrant was issued to allow law enforcement officials to look for controlled substances, it is now beyond question that law enforcement officials had the authority to seize weapons found on the premises. *United States v. Matra*, 841 F.2d 837, 842 (8th Cir.1988). Whether or not the weapon was automatic is irrelevant as the courts have recognized that any gun is a "tool of the trade" for drug traffickers. The presence of weapons is evidence of the defendants' intent to distribute controlled substances. The defendants' assertion that the police had no authority to open the seized suitcase without a subsequent warrant is without merit. It is beyond question that the warrant allowed the officers to search a suitcase on the premises. *United States v. Ross*, 456 U.S. 798, 821, 102 S.Ct. 2157, 2171, 72 L.Ed.2d 572 (1982). Taking the suitcase to the station to open creates no requirement for an additional warrant. *United States v. Johnson*, 709 F.2d 515 (8th Cir.1983).

Upon the foregoing,

IT IS ORDERED that all pending motions to dismiss are denied.

---

**1.** The defendants rely on the presumption of vindictiveness and did not attempt to prove actual vindictiveness.