**UNITED STATES of America, Appellee,**

v.

**Brian Keith SOLOMON, Appellant.**

**No. 90–1965.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 16, 1990.

Decided Sept. 10, 1990.

Dennis D. Hendrickson, Sioux City, Iowa, for appellant.

Kandice A. Wilcox, Sioux City, Iowa, for appellee.

Before LAY, Chief Judge, and JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

Brian Solomon was convicted of possession of an unregistered machine gun in violation of 26 U.S.C. § 5861(d) (1988) and 26 U.S.C. § 5871 (1988). He was sentenced to ten months in prison, along with a three year probation term. The sentence was rendered June 4, 1990. Because Solomon is incarcerated we have expedited this appeal. The sole ground on appeal is the validity of the search, which took place at an apartment rented by a friend of Solomon. Solomon argues that the search warrant, issued to search for drugs, does not authorize seizure of firearms that are not apparently illegal or contraband. We disagree, and accordingly we affirm.

Solomon asserts that the trial court erred in holding he had no standing to challenge the search, relying on *Minnesota v. Olson,* —— U.S. ——, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990). In *Olson,* police made a warrantless entry into a home where the defendant was an overnight guest and arrested him. *Id.* 110 S.Ct. at 1687. The Supreme Court ruled that the overnight guest had standing to challenge the search because as a guest he shared a legitimate expectation of privacy in his host's home. *Id.* at 1690.

We need not decide the standing issue, because there is no discernible error in the trial court's holding on the merits.[1] On motion for acquittal and for a new trial, the district court passed on the merits of the search as it affected Solomon, stating:

"Because the search warrant was issued to allow law enforcement officials to look for controlled substances, it is now beyond question that law enforcement officials had the authority to seize weapons found on the premises. *United States v. Matra,* 841 F.2d 837, 842 (8th Cir.1988).... The presence of weapons is evidence of the defendants' intent to distribute controlled substances."

Order at 2–3 (No. CR89–4014) (June 4, 1989) (quoting *United States v. Carstens,* 747 F.Supp. 528, 531 (N.D.Iowa 1989). We find no error in that ruling.[2] The judgment of conviction is affirmed.

1. The district court found that Solomon's co-defendants had standing to challenge the search, but then ruled the search valid because the warrant authorized law enforcement officials to search for controlled substances. This allowed the officers to seize the weapon in question because firearms are "tools of the trade" for drug traffickers.

2. Solomon asserts that seizure of the machine gun is invalid because police did not seize another gun they found during the search. We deem this fact irrelevant.