UNITED STATES of America, Appellee,

v.

Philip SPIESZ, Appellant.

Nos. 81–1641, 81–1642.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 4, 1982.

Decided March 4, 1982.

Jeffrey M. Evans, Seattle, Wash., argued, for appellant; Robert J. Wayne, Seattle, Wash., on brief.

Michael P. Ruark, Asst. U. S. Atty., Seattle, Wash., for the U. S.

Before KILKENNY, ANDERSON and ALARCON, Circuit Judges.

KILKENNY, Circuit Judge:

Appellant has filed this pre-trial appeal from the district court's order denying his motion to dismiss two superseding indictments on the ground of vindictive prosecution. The district court found that Spiesz had made a *prima facie* case of prosecutorial vindictiveness, but on the record before it held that the *prima facie* case had been overcome and that the government had sufficiently rebutted the appearance of vindictiveness. We affirm.

FACTUAL BACKGROUND

To properly understand the issue before us, a look at the factual background is helpful. The Drug Enforcement Agency (DEA) initiated this investigation by placing a surveillance on Henry Foundas, who later in May, 1981, while using the name Henry Cooper, attempted to make a cash purchase of a boat. During the next couple of months, DEA observed him, his son, John, William Butler, John Norris, and others acquire a number of boats and outfit them with the equipment necessary for smuggling marihuana. They also made a cash purchase of an expensive waterfront home south of Bellingham, Washington, on

Chuckanut Road. In late June, Foundas purchased the motor vessel COURAGEOUS and moored it at the Chuckanut residence.

The COURAGEOUS left the Chuckanut residence on July 25th and proceeded to Sidney Inlet in British Columbia. There it joined the TIKI, operated by Butler. The two vessels met and loaded a large quantity of marihuana. The COURAGEOUS returned to the Chuckanut Road residence and the TIKI went to Bellingham. After the COURAGEOUS unloaded the marihuana on the morning of July 27th, law enforcement officers observed a truck belonging to appellant at the Chuckanut residence. The agents then observed appellant drive the vehicle from the Chuckanut residence to a house located on Cedardale Road near Mt. Vernon. There they observed appellant and another unload what appeared to be boxes into the Cedardale residence. The house was kept under surveillance while a search warrant was obtained. Late in the afternoon other people arrived at the residence and shortly thereafter the appellant's vehicle was driven away. When the search warrant was served, approximately 5,000 pounds of marihuana was seized and appellant, Michael Barrett and Connie Headrick were arrested. In Headrick's possession was a copy of a rental agreement for the Cedardale residence showing the renter to be Connie Sweetman. At the time of the seizure, Foundas and a woman were arrested in the appellant's vehicle. Later, Butler and John Norris were arrested at the Chuckanut residence where another quantity of marihuana was found. They were then charged by complaint along with others. The appellant, Barrett and Headrick were charged in a separate complaint with possession of in excess of 1,000 pounds of marihuana with intent to distribute it.

On August 4, 1981, appellant, along with Barrett and Headrick, were indicted for possessing in excess of 1,000 pounds of marihuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(6). Defendant Headrick filed a motion to extend the time for filing pre-trial motions on September 1st, and in her affidavit she mentioned that she had information that the United States Attorney would seek a superseding indictment against her. On September 2nd, appellant filed a series of motions, including (1) a motion for an evidentiary hearing as to the veracity of the search warrant affidavit, (2) a motion for discovery, (3) a motion to continue the trial date, and (4) a motion for an extension of time for the filing of motions. In the motion for continuance and for extension of time, counsel for appellant informed the court that he had been advised by the Assistant United States Attorney that the government was contemplating filing a superseding indictment. Subsequently, appellant filed a number of motions, including motions to suppress.

While this was going on, Butler had commenced cooperating with the police. On August 4th, after the indictment against appellant had been returned, Butler appeared before the grand jury. Based on his testimony and information received from other witnesses, an Assistant United States Attorney (Diskin) traveled to New York and there learned and obtained evidence that appellant had purchased a piece of marine radio equipment from a New York marine electronics firm on July 13th. This piece of equipment had been seized during the search of the Chuckanut residence. In addition, (and again subsequent to the original indictment of appellant) DEA agents uncovered evidence that prior to July 25th, appellant had purchased a truck for cash in the Bellingham area while using the name H. Cooper.

On September 22, 1981, two superseding indictments involving appellant were returned. One additionally charged appellant with conspiracy to possess and distribute (21 U.S.C. § 846) and with traveling in interstate commerce with the intent to promote an unlawful activity (18 U.S.C. § 1952(a)(3)). The other charged appellant, along with others, with an additional conspiracy in violation of 21 U.S.C. §§ 960 and 963 and with aiding and abetting importation. It is because of these superseding indictments that appellant claims vindictive prosecution.

## HEARING

The district court held a hearing on appellant's motion to dismiss on account of vindictive prosecution and appearance of vindictiveness, at which time the government called the Assistant United States Attorney Diskin. Diskin testified, among other things, that appellant was charged in the single count indictment which alleged possession of marihuana in excess of 1,000 pounds with intent to distribute and that on September 2, 1981, the superseding indictment was returned adding charges of conspiracy against all three defendants and a charge of interstate travel against the appellant and Headrick. He also mentioned that appellant was added as a defendant in the other indictment.

Diskin testified that the additional charges were an outgrowth of the testimony of William Butler and other witnesses which was taken after the original indictments were returned. He testified on cross-examination that Butler, in his grand jury testimony, had not provided direct evidence against appellant, but had provided information relating to third parties. Later, Diskin testified that information was obtained linking appellant with the other third parties. He said there was a continuing investigation of those who had financed the importation operation and that he flew to New York in September and obtained other information with reference to appellant's activities. Diskin swore that up to August 4, 1981, he had no evidence of a prior connection between the three people charged originally other than that the three might have been purchasers from the importers. In addition, Diskin swore that the government learned about appellant's purchase of a truck in the Bellingham area subsequent to the first indictment. It was the acquisition of these additional facts concerning appellant that led to the superseding indictments. For the purposes of this appeal, we shall treat the two superseding indictments together.

## DISCUSSION

A claim for vindictive prosecution arises when the government increases the severity of alleged charges in response to the exercise of constitutional or statutory rights. *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *United States v. Burt,* 619 F.2d 831 (CA9 1980); *United States v. Griffin,* 617 F.2d 1342 (CA9 1980), *cert. denied* 449 U.S. 863, 101 S.Ct. 167, 66 L.Ed.2d 80; *United States v. DeMarco,* 550 F.2d 1224 (CA9 1977), *cert. denied* 434 U.S. 827, 98 S.Ct. 105, 54 L.Ed.2d 85. It is generally held that vindictive prosecution is present where a defendant is reindicted or retried after the exercise of a procedural right. *United States v. Burt, supra,* at 836. A dismissal will lie not only for actual vindictiveness, but also for the appearance of vindictiveness. *United States v. Ruesga-Martinez,* 534 F.2d 1367 (CA9 1976); *United States v. Burt, supra; United States v. Griffin, supra.*

The defendant who alleges vindictiveness has the burden of making the initial showing of an "appearance of vindictiveness." *United States v. Burt, supra,* at 836, quoting *United States v. Griffin, supra,* at 1347. The burden then shifts to the prosecution to prove that the increase in the severity of the charge did not result from any vindictive motive. *Id.* It is said that these cases establish a prophylactic rule designed not only to relieve the defendant who has asserted his right from bearing the burden of "uping the ante", but also to prevent chilling the exercise of such rights by other defendants who must make their choice under similar circumstances in the future. *United States v. DeMarco, supra,* at 1227.

On the record before us, the government concedes that an inference of vindictiveness arises from the sequence of events. However, it would appear that the inference in question is not one of visible strength. For instance, the government had communicated its intention to request a superseding indictment even before pre-trial motions were filed. This pre-existing intent, we believe, substantially undermines

the weight to be given the sequence of events in establishing vindictiveness. Whether in fact the evidence established an appearance of vindictiveness is questionable. Here, we quote from the district court's decision:

"I am satisfied from the credible evidence that has been presented here that this matter was taken before the grand jury again and the superseding indictment was returned because of the fact that the Government did acquire further information concerning the involvement of these three defendants in the overall conspiracy."

It would seem that this finding is clearly supported by the record. The judge made the same type of finding on the other indictment.

In this circuit the standard of review in a vindictive prosecution case is not clear. For instance, in *United States v. DeMarco, supra,* at 1228, we determined that the district court had not *abused its discretion* in dismissing the indictment on vindictive prosecution evidence. Subsequently, in *United States v. Thurnhuber,* 572 F.2d 1307 (CA9 1977), we made a flip-flop and said that the district court finding of no vindictiveness was not "clearly erroneous." *Id.* at 1311. There, the court relied on *United States v. Hart,* 546 F.2d 798 (CA9 1976 *in banc*), *cert. denied sub nom,* 429 U.S. 1120, 97 S.Ct. 1155, 51 L.Ed.2d 571 (1977), which held that findings involving mixed questions of law and fact are properly reviewed under the "clearly erroneous" standard. However, in *Griffin, supra,* at 1349, it would seem that, without discussion, we returned to the *abuse of discretion* standard. Finally, in *United States v. Bendis,* 681 F.2d 561 (CA9 1981), a case in point, we again held that mixed questions of law and fact call for application of the "clearly erroneous" standard.

■ Our review of the record convinces us that the district court was faced with a mixed question of law and fact on the issue of the appearance of vindictiveness and that its finding on this issue is not clearly erroneous. Moreover, we hold that the clearly erroneous rule applies to this record.

## CONCLUSION

The prosecution's continued investigation appears to be due more to prosecutorial zeal than to a vindictive motive. *See, United States v. Thurnhuber, supra,* at 1311. Accordingly, the judgment of the district court is AFFIRMED. The mandate shall issue immediately.