**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10250 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00067-WHO-1 |
| v. | |
| TRACY CHANG, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10256 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00067-WHO-2 |
| v. | |
| HOWARD HSU, | |
| Defendant-Appellant. | |

Appeals from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 9, 2018[]
San Francisco, California

Before:  GRABER and TALLMAN, Circuit Judges, and LEMELLE,[***] District Judge.

Defendants Tracy Chang and Howard Hsu were convicted of several tax-fraud related offenses.  They appeal their convictions and sentences on several grounds.  We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

1.  The district court did not err in its rulings on Defendants' motion to suppress.  See United States v. Ruckes, 586 F.3d 713, 716 (9th Cir. 2009) (stating standard of review for motions to suppress).  First, the court correctly concluded that Hsu lacks Fourth Amendment standing to challenge the search of Chang's house.  See United States v. $40,955.00 in U.S. Currency, 554 F.3d 752, 757–58 (9th Cir. 2009) (holding that an adult who did not live with her parents lacked Fourth Amendment standing to challenge a search of their house despite the fact that she "had free access and a key to the house . . . [and] stored items in [a] safe" that was opened during the search).  Second, because the search warrant limited the

---

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***]   The Honorable Ivan L.R. Lemelle, United States District Judge for the Eastern District of Louisiana, sitting by designation.

items that could be seized to those related to a specific time period, it was not a "general" warrant requiring total suppression. See United States v. Kow, 58 F.3d 423, 427 (9th Cir. 1995) (holding that a warrant was defective because, among other shortcomings, it "did not limit the scope of the seizure to a time frame within which the suspected criminal activity took place"). The district court correctly concluded that the overbroad portions of the warrant were severable and required only partial suppression. See United States v. SDI Future Health, Inc., 568 F.3d 684, 707 (9th Cir. 2009) (holding that partial suppression was appropriate where "the lion's share of the [warrant] did not violate the Fourth Amendment"); United States v. Kow, 58 F.3d 423, 427 (9th Cir. 1995) (holding that a warrant was defective because, among other shortcomings, it "did not limit the scope of the seizure to a time frame within which the suspected criminal activity took place"). Finally, we agree with the district court that the affidavit submitted to obtain the warrant provided the judge with a substantial basis to conclude that there was probable cause to search Chang's house, including any computers found there. United States v. Gourde, 440 F.3d 1065, 1069 (9th Cir. 2006) (en banc).

2. We reject Defendants' challenges to the jury instructions. The instruction on filing a false tax return included every element of the crime, and the district court did not abuse its discretion by including the "filing" element along with the

"knowledge of falsity" element in a single paragraph. See United States v. Thurnhuber, 572 F.2d 1307, 1309 (9th Cir. 1977) ("While . . . it would perhaps have been better for the trial court to have given a separate instruction particularizing the element of materiality, we cannot say that the instructions were misleading when viewed as a whole."). The "aiding and advising" instruction, read as a whole, "fairly and adequately covered the elements" of the offense, United States v. Jinian, 725 F.3d 954, 965 (9th Cir. 2013), and the district court did not abuse its discretion by denying Hsu's request to alter the instruction, United States v. Keyser, 704 F.3d 631, 641–42 (9th Cir. 2012). Finally, Defendants were not entitled to either a "good faith" or a "reliance" instruction, because the court instructed the jury that it could convict Defendants only if it found that they "knew federal tax law imposed a duty on [them], and the[y] intentionally and voluntarily violated that duty." See United States v. Sarno, 73 F.3d 1470, 1487–88 (9th Cir. 1995) (holding that a defendant is not entitled to either a good-faith or a reliance instruction where an adequate instruction on specific intent is given).

3. Reviewing de novo, United States v. Pang, 362 F.3d 1187, 1193 (9th Cir. 2004), we conclude that there was neither a constructive amendment to, nor a fatal variance from, the indictment. The Government's theory of the case, both in the indictment and at trial, was that Defendants overstated or invented deductions in

4

order to avoid paying taxes. Although the Government introduced evidence that Defendants hid assets from their accountants, neither the Government nor the jury instructions invited the jury to convict Defendants for that conduct. See United States v. Carlson, 616 F.2d 446, 447–48 (9th Cir. 1980) (finding a constructive amendment of the indictment where "[t]he instructions as given . . . permitted the petit jury to find appellant guilty . . . based upon misconduct other than that upon which the grand jury based its charge" and the Government "invited . . . [the jury] to find appellant guilty by reason of such misconduct [during its] . . . closing statement").

4. Even assuming that Chang has preserved her challenge to the admission of certain statements that she made to agents during the execution of the search warrant at her house, we conclude that her challenge is unpersuasive. Either Chang was not in custody or, if she was in custody, she waived her Miranda rights. Either way, her statements are admissible under the Fifth Amendment. See Hernandez v. Holland, 750 F.3d 843, 853 (9th Cir. 2014) (noting that volunteered statements made by a defendant are admissible); United States v. Vallejo, 237 F.3d 1008, 1014 (9th Cir. 2001) (noting that "a confession obtained during a custodial interrogation [is] admissible[]" if the defendant waived her Miranda rights). And Chang's detention was permissible under the Fourth Amendment as a detention

5

incident to the execution of a search warrant, so her statements are not the fruits of an unlawful seizure. Bailey v. United States, 568 U.S. 186, 193 (2013).

5. Reviewing de novo, we reject Defendants' Brady claim. See United States v. Price, 566 F.3d 900, 907 (9th Cir. 2009) (stating standard of review). Even assuming that the Government should have turned over redacted copies of the thousands of tax returns prepared by Defendants' accountants for other clients during the relevant years, we are confident that there is no reasonable probability that the evidence would have changed the outcome of the trial. See id. at 911 (discussing the harmlessness standard for Brady claims).

6. Defendants' argument that they are entitled to a new trial because of allegedly improper statements made by the prosecutor fails. The statements referenced by Defendants were not improper.

7. The district court did not clearly err in calculating the amount of tax loss. See United States v. Stargell, 738 F.3d 1018, 1024 (9th Cir. 2013) (stating the standard of review). The calculation of tax loss is always "hypothetical" in the sense that, because the taxes were not actually paid, it must be determined what should have been paid. The California tax loss in this case was "hypothetical" only in that sense, and the district court did not err in including it in its tax-loss

calculation.  See United States v. Yip, 592 F.3d 1035, 1038–39 (9th Cir. 2010)

(holding that tax loss may include unpaid state taxes).

**AFFIRMED.**