**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Herman V. KREZDORN,
Defendant-Appellee.**

No. 81–1404.

United States Court of Appeals,
Fifth Circuit.

Dec. 23, 1982.

Opinion on Granting of Rehearing En Banc March 2, 1983.

LeRoy M. Jahn, Sidney Powell, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellant.

Verne F. Knickerbocker, Eagle Pass, Tex., for defendant-appellee.

Before BROWN, GOLDBERG and POLITZ, Circuit Judges.

GOLDBERG, Circuit Judge:

In this appeal, we are called upon to review a finding of prosecutorial vindictiveness.

## 1. FACTS AND PROCEEDINGS BELOW

In 1979, Herman V. Krezdorn, a United States Immigration Inspector, was indicted on five counts of forging immigration documents in violation of 18 U.S.C. § 1426(a).[1] The district court directed a verdict of acquittal on one count, and a jury convicted defendant on the remaining four counts. On appeal, this Court held that the district court erred in allowing the prosecution to introduce evidence of thirty-two additional forgeries not charged in the original indict-

---

1. The indictment alleged that Krezdorn forged another inspector's signature on Mexican border-crossing card applications for five members of the Ruiz family.

ment. We therefore reversed the conviction. *U.S. v. Krezdorn,* 639 F.2d 1327 (5th Cir.1981).[2]

Following this Court's action in "Krezdorn I," the Government reindicted defendant on the four forgery counts originally charged. The superseding indictment also charged Krezdorn with conspiracy[3] to forge immigration documents, in violation of 18 U.S.C. § 371. The conspiracy charge added five years imprisonment and a ten thousand dollar fine to the potential punishment faced by the defendant, over and above the penalties for the four counts originally charged. The thirty-two forgeries found to be inadmissible at Krezdorn's first trial were alleged to be "overt acts" in furtherance of the conspiracy charged in the superseding indictment.

Defendant Krezdorn moved to dismiss the conspiracy charge on the grounds of prosecutorial vindictiveness.[4] The prosecutor denied any vindictive motive for the superseding indictment. An evidentiary hearing was held to resolve the conflicting claims. After hearing the testimony of the Assistant United States Attorney responsible for the case, the district court found that the prosecution was aware of all the facts giving rise to the conspiracy charge at the time the Government brought its original indictment, and that no new evidence had come to light since the first trial. The district court also found that the Government decided not to bring the conspiracy

charge in the original indictment because to do so would have involved some administrative inconvenience.[5] Finally, the district court concluded that the conspiracy charge was added for the purpose of transforming the thirty-two additional forgeries from inadmissible extraneous evidence into evidence admissible as overt acts in a conspiracy between Krezdorn and Contreras.[6]

Based on the facts, the district court concluded that defendant Krezdorn had established a prima facie case of "prosecutorial vindictiveness." The lower court also concluded that the Government had failed to explain the increased severity of the superseding indictment in terms sufficient to dispel the reasonable apprehension of retaliatory motive created by the addition of charges following appeal. Accordingly, the conspiracy count was dismissed. The Government then brought this appeal.

## 2. PROSECUTORIAL VINDICTIVENESS POST-*GOODWIN*

■ A prosecutor's decision to reindict a defendant is circumscribed by the Due Process Clause of the Constitution. *Blackledge v. Perry,* 417 U.S. 21, 26, 94 S.Ct. 2098, 2101, 40 L.Ed.2d 628 (1974). "To punish a person because he has done what the law allows him to do is a due process violation 'of the most basic sort.'" *U.S. v. Goodwin,* —— U.S. ——, 102 S.Ct. 2485, 2488, 73 L.Ed.2d 74 (1982), quoting *Bordenkircher v.*

---

2. The evidence was found inadmissible under Fed.R.Evid. 404(b) on the grounds that a "plan" was not an element of the offense with which Krezdorn was charged, and therefore, the additional forgeries did not fall within the "plan or scheme" exception to the general rule that evidence of a defendant's "other crimes" is inadmissible. *U.S. v. Krezdorn,* 639 F.2d at 1331. This Court noted, however, that "[t]he existence of a plan would be directly at issue in, for instance, a conspiracy charge." *Id.* at n. 7.

3. Krezdorn was alleged to have conspired with one Arnulfo Contreras to forge signatures on five border-crossing cards sold to members of the Ruiz family.

4. Defendant does not contend that the superseding indictment puts him twice in jeopardy for the same offense. *Cf. Jackson v. Walker,* 585 F.2d 139, 141 n. 2 (5th Cir.1978) (addi-

tional charges do not violate the Double Jeopardy Clause if they require proof of facts not required to prove the original charge).

5. The district court found that, "[t]he government decided not to indict Contreras originally, because he was a Mexican citizen; consequently, the government knew he could never be extradicted and, if indicted, would simply clutter up the court records as a fugitive."

6. The prosecutor testified that he was of the impression that even if Krezdorn was convicted of the conspiracy charge, he would not receive any punishment in addition to that meted out after his first conviction. However, the district court noted that, "[t]he prosecutor did not gain this impression by any communication from this court."

*Hayes,* 434 U.S. 357, 363, 98 S.Ct. 663, 667, 54 L.Ed.2d 604 (1978). Thus, whenever a prosecutor adds new charges to an indictment, a careful inquiry is necessary to determine that the new charges were not added to retaliate against the defendant for exercising statutory or Constitutional rights.

Following the Supreme Court's most recent addition to the doctrine of prosecutorial vindictiveness, *U.S. v. Goodwin, supra,* it is now clear that the nature of the court's inquiry into prosecutorial motive will depend upon whether new charges are added before or after a defendant's initial trial. Prior to *Goodwin,* the leading Supreme Court cases on prosecutorial vindictiveness were *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and *Blackledge v. Perry, supra.* Those cases established the proposition that a showing of bad faith or malice on the prosecutor's part was unnecessary to a finding of "prosecutorial vindictiveness."[7] In finding additional charges constitutionally impermissible even absent evidence of bad faith or malice, the Court in *Blackledge* stated,

> The rationale of our judgment ... [is] not grounded upon the proposition that actual retaliatory motivation must invariably exist. Rather, ... 'since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the

right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the [prosecutor].'

*Blackledge, supra* 417 U.S. at 28, 94 S.Ct. at 2102, quoting *North Carolina v. Pearce, supra.* Taken together, *Pearce* and *Blackledge* have been interpreted as creating a "presumption" of prosecutorial vindictiveness. *U.S. v. Goodwin, supra* 102 S.Ct. at 2490. Under a *Blackledge*-derived presumption, a defendant need not prove that the prosecutor's decision to add new charges was motivated by "actual vindictiveness," that is, a subjective intent to punish the defendant for exercising his rights. Instead, the courts[8] have held that whenever a prosecutor brings more serious charges following the defendant's exercise of procedural rights, "vindictiveness" is presumed. This presumption can only be overcome by proof of some objective factor, such as the discovery of new evidence, which can explain or justify the prosecutor's decision.[9]

In *Goodwin,* the Supreme Court explained that a presumption of vindictiveness is justified when a prosecutor increases charges prior to the retrial of a defendant occasioned by the defendant's successful exercise of a procedural right, such as the right to appeal, for two reasons. First, the increased charges are unlikely, at that point, to be based on new information or a

---

**7.** In *Blackledge,* the defendant was originally charged with a misdemeanor. After exercising his right to a jury trial *de novo* in a higher state court, the defendant was charged with a felony. The Court stated that there was "no evidence that the prosecutor acted in bad faith or maliciously in seeking a felony indictment against [the defendant]," *Blackledge, supra* 417 U.S. at 28, 94 S.Ct. at 2102; but held that the more severe charge was nonetheless barred by the Due Process Clause.

**8.** Circuit court decisions interpreting *Blackledge* include *Jackson v. Walker,* 585 F.2d 139 (5th Cir.1978); *Hardwick v. Doolittle,* 558 F.2d 292 (5th Cir.1977), *cert. denied,* 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978); *U.S. v. Goodwin,* 637 F.2d 250 (4th Cir.1981); *U.S. v. Johnson,* 537 F.2d 1170 (4th Cir.1976); *U.S. v. Andrews,* 612 F.2d 235 (6th Cir.1979); *vacated and remanded,* 633 F.2d 449 (6th Cir.1980) (en

banc), *cert. denied,* 450 U.S. 927, 101 S.Ct. 1382, 67 L.Ed.2d 358 (1981); *U.S. v. Stacey,* 571 F.2d 440 (8th Cir.1978); *U.S. v. Ricard,* 563 F.2d 45 (2nd Cir.1977); *U.S. v. Ruesga-Martinez,* 534 F.2d 1367 (9th Cir.1976); *U.S. v. Jamison,* 164 U.S.App.D.C. 300, 505 F.2d 407 (1974).

**9.** In *U.S. v. Goodwin, supra,* the Court dealt with a presumption of prosecutorial vindictiveness as developed from *Blackledge* by the Fourth Circuit. Under the Fourth Circuit's test, the government is not allowed to increase charges against a defendant following the defendant's exercise of a procedural right unless the prosecutor comes forward with objective evidence to show that the increased charges could not have been brought before the defendant exercised his rights. *U.S. v. Goodwin,* 637 F.2d 250 (4th Cir.1981).

different approach to prosecutorial duty.[10] Secondly, "institutional biases inherent in the judicial system" disfavor the retrial of issues already decided. *U.S. v. Goodwin, supra* 102 S.Ct. at 2490–91.[11] Thus, when a prosecutor's decision to increase the number or severity of charges follows the defendant's exercise of a procedural right necessitating his retrial, the decision is likely to be improperly colored by the prosecutor's bias, even if only "subconscious," against retrial of decided issues. *Id.*[12] Thus, the likelihood of improper motivation justifies a presumption of prosecutorial vindictiveness in order to free defendants from the apprehension of retaliation for the exercise of statutory or constitutional rights. *U.S. v. Goodwin, supra* 102 S.Ct. at 2494.

However, the Court found that a prosecutor's decision to increase charges prior to a defendant's initial trial does not present a similar danger of improper motivation. The defendant in *Goodwin* was originally charged with several misdemeanor offenses. The case was handled by a prosecutor who was assigned to try misdemeanor cases before Magistrates. The defendant decided not to enter into a plea bargain, and requested a trial by jury in District Court. Responsibility for the case was then assumed by an Assistant United States Attorney, who obtained an indictment charging defendant with a felony arising out of the same incident upon which the earlier misdemeanor charge was based. Employing a presumption of prosecutorial vindictiveness, the Court of Appeals held that the Due Process Clause prohibited the Government from bringing more serious charges after the defendant had invoked his right to a jury trial.[13]

The Supreme Court reversed, finding that the addition of charges prior to defendant's trial was not so likely to be tainted with improper motivation as to justify a presumption of prosecutorial vindictiveness. *U.S. v. Goodwin, supra* 102 S.Ct. at 2493. The Court reasoned that prior to trial, "the prosecutor's assessment of the proper extent of prosecution may not have crystallized." *Id.* A presumption of vindictiveness might unjustifiably hamper the prosecutor's discretion to increase charges when preparation and review of the case prior to trial indicated that additional prosecution was in society's interest. *Id.* Institutional biases against retrial of previously-decided cases are not likely to affect the prosecutor's reaction to the invocation of procedural rights prior to trial. *Id.* Since there is little likelihood of vindictiveness in pre-trial charging decisions, the Court concluded, a presumption of prosecutorial vindictiveness is not required to allay defendant's apprehension of retaliation for invoking rights. *U.S. v. Goodwin, supra* 102 S.Ct. at 2494.[14]

---

**10.** [O]nce a trial begins—and certainly by the time a conviction has been obtained—it is much more likely that the State has discovered and assessed all of the information against an accused and made a determination, on the basis of that information, of the extent to which he should be prosecuted.
*U.S. v. Goodwin, supra* 102 S.Ct. at 2493.

**11.** Judicial doctrines embodying this bias include, "the doctrines of *stare decisis, res judicata,* the law of the case, and double jeopardy..." *Id.*

**12.** In addition to institutional biases against retrial, other, more prosaic, factors make it likely that a post-trial decision to increase charges is improperly motivated. Retrial requires duplicative expenditures of (often scarce) prosecutorial resources. The Government is being asked "to do over what it thought it had done correctly." *Colten v. Kentucky,* 407 U.S. 104, 117, 92 S.Ct. 1953, 1960, 32 L.Ed.2d 584 (1972). When retrial is required because of a prosecutor's error in the original trial, the prosecutor may have a personal stake in vindicating himself. *U.S. v. Goodwin, supra* 102 S.Ct. at 2494; *Chaffin v. Stynchcombe,* 412 U.S. 17, 27, 93 S.Ct. 1977, 1983, 36 L.Ed.2d 714 (1973).

**13.** The Circuit Court also concluded that the prosecutor's explanation for the increased charges failed to rebut the presumption, since the prosecutor did not show that the increased charges could not have been brought prior to defendant's request for a jury trial. *U.S. v. Goodwin,* 635 F.2d at 252.

**14.** In refusing to employ a presumption of vindictiveness, however, the Court did not foreclose the possibility that defendants could establish "actual vindictiveness" by proof that "the prosecutor's charging decision was motivated by a desire to punish [defendant] for doing something which the law plainly allowed him to do." *Id.*

In the instant case, the Government decided to increase the number of charges against Krezdorn following his successful appeal to this Court. Thus, this case falls squarely within the category of cases as to which the Supreme Court has stated that a presumption of prosecutorial vindictiveness is justified by the high probability that the charging decision was improperly motivated. All of the dangers of improper motivation are clearly present. Defendant was convicted by a jury on four of the five counts originally charged. He exercised his right to appeal his conviction on the grounds that extrinsic evidence was erroneously admitted. This Court reversed the conviction, rejecting the prosecutor's theory that the evidence was admissible under an exception to the Rules of Evidence. The case was remanded for a retrial. The prosecutor then obtained a superseding indictment containing an additional charge of conspiracy which increased by five years the maximum sentence faced by defendant.[15] Without in any way impugning this prosecutor's motives,[16] there was a clear likelihood that the decision to increase the number of charges could have been affected by "institutional bias" against the necessity of retrying this defendant in order to obtain a conviction. The Government was told by this Court to "do over what it thought it had already done correctly."[17] In particular, this prosecutor's evidentiary theory was found to be erroneous, giving rise to a temptation to engage in "self-vindication."[18] The circumstances in which the conspiracy charge was added were clearly such as to cause a reasonable apprehension of vindictiveness, and thus to discourage defendants from seeking appellate review. See, e.g., Miracle v. Estelle, 592 F.2d 1269 (5th Cir.1979); Jackson v. Walker, 585 F.2d 139 (5th Cir.1978); Hardwick v. Doolittle, 558 F.2d 292 (5th Cir.1977). Thus, drawing upon both the decisions of this Circuit concerning prosecutorial vindictiveness, and the Supreme Court's recent pronouncements in U.S. v. Goodwin, we conclude that the district court was correct in employing a presumption of vindictiveness to analyze this prosecutor's decision to add a conspiracy charge against defendant Krezdorn following his successful appeal.

### 3. THE PURE–HEARTED PROSECUTOR VS. THE APPREHENSIVE DEFENDANT

Having concluded that a presumption of vindictiveness was appropriate, we must now decide whether the prosecutor's explanation of his decision to add charges suffices to dispel the apprehension of vindictiveness created by his actions. Our inquiry is complicated by the fact the law in this area is far from uniform.[19] The Supreme Court's decision in Blackledge v. Perry precipitated a veritable blizzard of cases discussing the doctrine of prosecutorial vindictiveness.[20] Just as no two snowflakes are alike, each claim of prosecutorial vindictiveness gives rise to a different analysis based on the unique facts of the individual case. However, certain discernible trends have emerged. The Fourth Circuit, for example,

15. The fact that the prosecutor thought that Krezdorn's actual sentence would not be increased by the additional conspiracy charge is irrelevant. "[T]he severity of an alleged offense is not determined by the actual punishment imposed but by the potential punishment for the offense, viewed prospectively." Miracle v. Estelle, 592 F.2d 1269, 1275 (5th Cir.1979).

16. We reiterate our observation in Jackson v. Walker, 585 F.2d at 142 n. 3, that the term "prosecutorial vindictiveness," with its ad hominem overtones, is misleading. Our task, in spite of the pejorative nomenclature, is to examine the perception and apprehension of the defendant, rather than to focus on the benignity of the prosecutor. It is the appearance of vindictiveness with which we are concerned.

See North Carolina v. Pearce, supra; Blackledge v. Perry, supra.

17. See U.S. v. Goodwin, 102 S.Ct. at 2494.

18. See id.

19. The law of prosecutorial vindictiveness in the various circuits has been termed "chaotic." U.S. v. Andrews, 612 F.2d 235, 257 (6th Cir. 1979) (Keith, J., dissenting), vacated and remanded, 633 F.2d 449 (6th Cir.1980) (en banc), cert. denied, 450 U.S. 927, 101 S.Ct. 1382, 67 L.Ed.2d 358 (1981).

20. See note 8, supra.

takes a strict approach, holding that a prosecutor can rebut a presumption of prosecutorial vindictiveness only by evidence showing that the increased charges could not have been brought prior to the defendant's exercise of his rights. See *U.S. v. Goodwin,* 637 F.2d 250 (4th Cir.1981). The Ninth Circuit follows the rule that when a prosecutor adds on charges after the defendant invokes a procedural right, the prosecutor bears a heavy burden to rebut a presumption of prosecutorial vindictiveness. *See, e.g., U.S. v. Motley,* 655 F.2d 186 (9th Cir. 1981); *U.S. v. DeMarco,* 550 F.2d 1224 (9th Cir.), *cert. denied,* 434 U.S. 827, 98 S.Ct. 105, 54 L.Ed.2d 85 (1977); *U.S. v. Ruesga-Martinez,* 534 F.2d 1367 (9th Cir.1976).[21] The Sixth Circuit asks whether the prosecutor's increase in charges creates a realistic likelihood of vindictiveness; if so, the prosecutor bears the burden of rebutting the presumption of vindictiveness with "objective" explanations. *See U.S. v. Andrews,* 633 F.2d 449 (6th Cir.1980) (*en banc*), *cert. denied,* 450 U.S. 927, 101 S.Ct. 1382, 67 L.Ed.2d 358 (1981).[22]

In *U.S. v. Goodwin,* the Supreme Court addressed itself to the issue of when, during criminal proceedings, a presumption of prosecutorial vindictiveness would attach. *See* discussion at pages 1224–1226, *supra.* The Court did not decide what type of evidence would suffice to rebut a presumption of vindictiveness once that presumption was justified.[23] Thus, while *Goodwin* clarifies certain aspects of the doctrine of prosecutorial vindictiveness, it is not decisive of the issue now before us.

■ Our analysis begins with an earlier Fifth Circuit decision, *Jackson v. Walker,* 585 F.2d 139 (5th Cir.1978). In *Jackson,* this Court recognized that a claim of prosecutorial vindictiveness brings into conflict the defendant's due process right to be free from the apprehension of increased punishment resulting from an exercise of his rights, on the one hand; and the prosecutor's discretion to increase the extent of prosecution, on the other hand. *Id.* at 143. Based on our analysis of the Supreme Court's decision in *Blackledge, supra,* and this Court's decision in *Hardwick v. Doolittle, supra,* we concluded that the balance between these competing interests turned on whether the prosecutor added a new charge for relatively distinct criminal conduct occurring within the same "spree" of activity, as in *Hardwick, supra;* or whether the prosecutor simply substituted a more serious charge for the same criminal activity, as in *Blackledge, supra.* Preventing a prosecutor from adding new charges for different and discrete criminal behavior is a relatively serious infringement on the traditionally broad discretion accorded to prosecutors. In contrast, a prosecutor's decision to substitute more serious charges for the same basic conduct involves only "the prosecutor's right to reopen a previously completed exercise of discretion." *Id.* at 144. Accordingly, the defendant's right to be free from the apprehension of vindictiveness is accorded more weight when more serious charges are substituted for the same behavior than when the prosecutor decides to add new charges for different criminal behavior.

■ We agree with the Sixth Circuit that the distinction between substituting more serious charges and adding new charges is relevant in determining what

---

**21.** The Ninth Circuit has stated clearly that mere mistake or inexperience on the part of the prosecutor does *not* suffice to rebut a presumption of prosecutorial vindictiveness. *U.S. v. Ruesga-Martinez, supra* at 1370. Nor can the Government meet its rebuttal burden by explaining that charges were reformulated for reasons of trial strategy, when the effect of the reformulation is to increase the potential punishment faced by defendant on retrial. *U.S. v. Motley, supra* at 189–190.

**22.** In *Andrews,* the prosecutor's statement that charges were increased to rectify an earlier mistake in formulating the indictment was rejected as insufficiently "objective" to rebut the presumption. *Id.* at 456.

**23.** Justice Blackman, in his concurring opinion, took the position that the approach used by the Fourth Circuit was overly strict. In his view the explanation given by the prosecutor in *Goodwin* was sufficiently "objective" to dispel the appearance of vindictiveness. *U.S. v. Goodwin,* 102 S.Ct. at 2495–96.

type of explanation on the prosecutor's part will be regarded as sufficient to rebut a presumption of prosecutorial vindictiveness. *See U.S. v. Andrews,* 612 F.2d at 244.[24] In *Jackson,* we held that a determination of "actual vindictiveness" was required in order to justify infringing on the prosecutor's discretion to add new charges for relatively distinct criminal behavior. *Jackson* at 145. We noted, however, that the defendant was not required to present evidence of retaliatory motivation on the prosecutor's part. Instead, the addition of charges following the exercise of some procedural right was held to create a presumption of vindictiveness which could be rebutted with "reasonable explanations" for the added charges. *Id.* at 145 n. 9, citing *Hardwick v. Doolittle, supra.*[25] Under this standard, the focus is on the prosecutor's motivation. *U.S. v. Andrews,* 612 F.2d at 244. It follows that the district court may consider any reasonable explanation for the added charges, so long as the explanation tends to negate an inference of retaliatory motivation. In addition to explanations relating to the discovery of new evidence,[26] the district court may consider "mistake or oversight in the initial action, a different approach to prosecutorial duty . . ., or public demand for prosecution on the additional crimes allegedly committed." *Hardwick, supra* at 301.[27]

 However, when a prosecutor substitutes charges which increase the punishment to which a defendant is exposed for the same basic conduct, our focus switches from the prosecutor's motivation to the defendant's perception. In this case, no actual retaliatory motive need exist. *Black-*

*ledge v. Perry,* 417 U.S. at 28, 94 S.Ct. at 2102. Rather, "due process . . . requires that a defendant be freed of the apprehension of . . . a retaliatory motivation on the part of the [prosecutor]." *Id.* Our focus is on the defendant's perception, not the prosecutor's motivation. *U.S. v. Andrews,* 612 F.2d at 244. It follows that when a prima facie case of prosecutorial vindictiveness is created by the substitution of more serious charges, rebuttal explanations focusing on the prosecutor's lack of subjective retaliatory motivation are irrelevant. Since our focus is on the defendant's perception, rather than the prosecutor's "pure heart," a prima facie case of prosecutorial vindictiveness can be overcome only by a showing that "intervening circumstances, of which the prosecutor could not reasonably have been aware, created a fact situation which did not exist at the time of the original indictment." *U.S. v. Andrews, supra. Cf., U.S. v. Goodwin,* 637 F.2d 250, 255 (4th Cir.1981) (a prima facie case of prosecutorial vindictiveness can be rebutted only by "objective evidence to show that the increased charges could not have been brought before the defendant exercised his rights"); *see generally* Note, *Evaluating Prosecutorial Vindictiveness Claims in Non-Plea-Bargained Cases,* 55 S.Cal.L.Rev. 1133, 1150–52 (1982) (judicial analysis of prosecutorial vindictiveness claims should focus on whether factors justifying added charges were known to the prosecutor prior to the original charging decision).

 Applying the foregoing principles, we must determine whether the Government's decision to include a conspiracy

---

**24.** On rehearing *en banc,* a majority of the Sixth Circuit agreed with the panel's determination that the distinction between substituting and adding charges was relevant to a finding of prosecutorial vindictiveness, but found that a *per se* rule was inappropriate. *U.S. v. Andrews,* 633 F.2d at 454. The Court concluded that the proper inquiry was whether, on the facts of each case, "a reasonable person would think there existed a realistic likelihood of vindictiveness." *Id.*

**25.** *Compare U.S. v. Goodwin, supra* 102 S.Ct. at 2494 (when charges are added prior to defendant's initial trial, prosecutorial vindictive-

ness is so unlikely that a presumption is not justified; thus, defendant can establish prosecutorial vindictiveness only by a showing of actual retaliatory motivation). *See* note 9, *supra.*

**26.** *See, e.g., U.S. v. Phillips,* 664 F.2d 971, 1021 (5th Cir.1981).

**27.** Of course, the credibility of any explanation offered by the prosecutor must be carefully scrutinized on the basis of all the facts and circumstances surrounding the addition of charges.

count in the superseding indictment was closer to the substitution of more severe charges for the same basic conduct, or to the addition of new charges for discrete behavior within the same "spree" of criminal activity. The relationship of a conspiracy charge to the underlying crime is to some extent unique within the terms of this classification scheme. *See U.S. v. Andrews,* 612 F.2d at 245. Under the test applicable to claims of double jeopardy, *see* note 4 *supra,* it is clear that a conviction for conspiracy to commit forgery requires proof of some additional facts not needed to prove the underlying substantive charge.[28] However, in the context of prosecutorial vindictiveness, the double jeopardy test is not controlling. Rather, we must inquire whether there is such substantial overlap between the evidence presented to prove the original charges and that which is required to prove the added charge, as to create, for all practical purposes, the impression that a more severe charge has been substituted for the same basic conduct.

 Conspiracy clearly involves some element of distinct and different criminal behavior; specifically, the crime of agreeing with one or more other persons to commit an offense. In this case, however, the overlap between the conspiracy charge and the substantive counts of forgery was substantial. The original indictment charged Krezdorn with conspiring to forge the signature "Valdez" on border-crossing applications for four members of the Ruiz family. Arnulfo Contreras was the individual who allegedly sold the forged applications to the Ruiz's. The superseding indictment reiterates the original four forgery counts and adds a charge that defendant Krezdorn conspired with Arnulfo Contreras to forge the signature "Valdez" on border-crossing applications. Among the "overt

acts" allegedly committed in furtherance of the conspiracy are the forgeries on the Ruiz family's applications which form the basis for the four counts of violating 18 U.S.C. § 1426(a). For all practical purposes, the superseding indictment increases by five years imprisonment and a ten thousand dollar fine the potential punishment faced by defendant Krezdorn for the same basic criminal behavior of selling forged border-crossing applications.[29] Therefore, in striking a balance between the competing interests in this case, we will give greater weight to the defendant's Due Process right to appeal his conviction without apprehension of increased punishment than to the prosecutor's interest in maintaining unfettered discretion to increase the charges against the defendant. *See Jackson v. Walker,* 585 F.2d at 145. The prosecutor can rebut the presumption of prosecutorial vindictiveness arising from the more severe indictment only by showing that the decision to charge conspiracy was based upon new facts or evidence not known to the Government at the time of the original indictment. Evidence that the Assistant United States Attorney harbored no subjective animus or ill will toward the defendant will not be sufficient.

There is an additional factor in this case which causes us to be more concerned with the defendant's apprehension of vindictiveness than with the prosecutor's subjective motivation. Defendant Krezdorn appealed his conviction to this Court, and obtained a reversal of the conviction because of the admission of extrinsic evidence. The prosecutor then sought to have the same extrinsic evidence admitted on retrial by charging another crime carrying a more onerous punishment. As the district court found, "[t]he very right vindicated on appeal is the basis

---

**28.** Under 18 U.S.C. § 1426(a) it is a crime to falsely make or forge any paper or document relating to registry of aliens. A defendant can be convicted under 18 U.S.C. § 371 when he conspires with one or more persons to commit a crime.

**29.** In contrast, *Hardwick* provides an example of charges added for relatively discrete criminal

behavior. In *Hardwick,* the original indictment charged defendant with robbing a bank and assaulting police officers in the course of the robbery. The superseding indictment charged the defendant with different and distinct criminal activity: robbery of a bank customer and assaulting a bystander in the course of fleeing the robbery.

of the prosecutor's decision to add a new count to the superseding indictment." From the defendant's vantage point, the prosecutor is attempting to turn a successful appeal into a pyrrhic victory. Clearly, the prosecutor's decision has a chilling, even arctic, effect on the defendant's decision to avail himself of the appellate process.

We find that the superseding indictment, obtained immediately after defendant's successful appeal of his first conviction, created an apprehension of retaliation against defendant for exercising his right to appeal. A presumption of prosecutorial vindictiveness was therefore justified. *See U.S. v. Goodwin,* 102 S.Ct. at 2488–94. Because the superseding indictment concerned substantially the same basic behavior which formed the basis for the first indictment, we are concerned not with a prosecutor's decision to bring additional charges for distinct criminal acts, but only with a "prosecutor's right to reopen a previously completed exercise of discretion." *Jackson v. Walker,* 585 F.2d at 144. Moreover, the prosecutor's decision in this case to increase the charges against defendant for the purpose of admitting extrinsic evidence previously ruled inadmissible by this Court has an especially chilling effect on the right of appeal. Therefore, our focus is on the defendant's right, under the Due Process Clause, to be free from the apprehension of vindictiveness, rather than on the prosecutor's subjective motivation. *See U.S. v. Andrews, su-*

*pra.* Accordingly, the burden shifted to the prosecutor to dispel the *appearance* of vindictiveness; in other words, to explain the increased charges by reference to newly-discovered facts or evidence.[30] This the prosecutor failed to do. The district court found that the prosecutor knew of Contreras' involvement with Krezdorn prior to the time the prosecutor obtained his original indictment. The decision to include the conspiracy charge in the second indictment was not based on the discovery of any new facts or evidence relating to conspiracy which were unknown to the prosecutor originally. Therefore, the addition of the conspiracy count was constitutionally impermissible.

### 4. CONCLUSION

The judgment of the district court is AFFIRMED.

JOHN R. BROWN, Circuit Judge, dissenting:

I do not join in the majority's opinion because I think it is in conflict with controlling decisions of the Supreme Court. I think it also is in conflict with some of our own decisions which are binding on all of us until and unless altered by the court *en banc.* It also transgresses accepted principles of judicial restraint in the review of matters within prosecutorial discretion. It does not give adequate recognition to the principles which give rise to the doctrine of prosecutorial vindictiveness. And signifi-

**30.** On appeal, the Government has suggested that the superseding indictment can be justified as simply an effort to comply with this Court's analysis of the law applicable to defendant's case. In *U.S. v. Krezdorn,* 639 F.2d 1327 (5th Cir.1981), we rejected the prosecutor's contention that certain extrinsic evidence was admissible to establish a plan or scheme. However, we observed in a footnote that, "[t]he existence of a plan would be directly at issue in, for instance, a conspiracy charge." *Krezdorn, supra* at 1331 n. 7. Our *dicta* in Krezdorn was an effort to clarify the law related to admissibility of evidence of "other crimes" under Fed.R. Evid. 404(b); it was not an "instruction" to the Government to reindict this particular defendant on conspiracy charges. Moreover, even a direct suggestion from the bench relating to retrial would not necessarily justify increased charges. In *U.S. v. Motley,* 655 F.2d 186 (9th Cir.1981), defendants were originally indicted and tried on charges of racketeering and conspiracy. The district judge declared a mistrial, and advised the Government to simplify its case for retrial. The Government reindicted defendants on the underlying substantive crimes of possession of drugs and firearms. The superseding indictment involved a potentially greater term of imprisonment. The Court held that the prosecutor did not adequately rebut the presumption of prosecutorial vindictiveness by explaining that the charges were reformulated in response to the trial court's suggestions, when the new charges carried a more severe penalty. *U.S. v. Motley,* 655 F.2d at 189. The fact that the drafter of the second indictment did not realize it exposed defendant to a more severe penalty was similiary rejected as an adequate rebuttal. *Id.* at 189–190.

cantly it does not give full consideration to the facts and the findings of the district court in the instant case.

What the majority has done in this case is to foreclose for all time the prosecutor's option to bring additional charges against a criminal defendant who has been successful on appeal unless it can be shown that the new charges arise from facts totally different from and unrelated to those upon which the original indictment was based. *Ante* at 1229. It matters neither how serious the criminal conduct engaged in by the defendant, nor how strong the evidence is against him. It does not matter that the appellate victory is based on an issue unrelated to the substantive offense such as improper jury selection, or improper jury instructions, or as here, improper evidentiary rulings. Nor does it matter what the public outcry is against the conduct charged or that the defendant showed no remorse for his conduct. The rule in this case—and a harsh one it is—which defense attorneys, defendants, and enlightened as well as grudging prosecutors alike must come to terms with is a simple one, but has costs associated with it that only a utopian society can afford. The majority's ruling is absolute. Per se. Total. Complete. Unequivocal and Draconian. I do not believe that any decision of the Supreme Court or of this Circuit contemplates such substantial costs to be paid by the society when it is *undisputed* that vindictiveness on the part of the prosecutor is lacking.

In *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court held that a sentencing judge was precluded from imposing a harsher penalty on a criminal defendant upon retrial after successful appeal unless his reasons for doing so are stated affirmatively in the record. Similarly, *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) was an extension of this rule to prosecutors in their charging decisions. In *Blackledge,* the Court concluded that "due process also requires that a defendant be freed of apprehension of . . . a retaliatory motivation on the part" of the prosecutor, *Id.* at 28, 94 S.Ct. at 2102, just as he must be freed of the apprehension of retaliatory motivation on the part of the trial judge. *North Carolina v. Pearce,* 395 U.S. at 725, 89 S.Ct. at 2080.

*United States v. Goodwin,* —— U.S. ——, 102 S.Ct. 2485, 2495, 73 L.Ed.2d 74 (1982) is not to the contrary. In *Goodwin,* the Supreme Court held that a presumption of prosecutorial vindictiveness is not warranted where a prosecutorial response to a criminal defendant's exercise of a procedural right occurred pretrial absent a showing that the prosecutor's charging decision was motivated by a desire to punish him for exercising a legal right. So far, so good. There is no argument with the majority over these holdings. The point at which the majority and I diverge, however, is the glossy sheen to be placed on other dictum in *Goodwin* which states that "a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision." *Id.* —— U.S. at ——, 102 S.Ct. at 2493, 73 L.Ed.2d at 85. I read this dictum as suggesting only that a post-trial prosecutorial decision to increase charges must be scrutinized more carefully than a pretrial decision lest the former was made to punish a defendant for exercising a legal right. That is all this dictum stands for.

Though it never explicitly acknowledges it, the majority construes this dictum to mean that an *irrebuttable* presumption of prosecutorial vindictiveness abounds *whenever* a prosecutor increases charges after a defendant has successfully appealed. *See ante* at 1229. One should not be mislead by the majority's attempt to evaluate the prosecutor's action in light of the standard that the presumption can be rebutted by objective evidence. Such an evaluation is no more than an empty gesture, for in light of today's decision and in practically all cases where the prosecutor enhances charges upon remand of a case after a defendant's successful appeal, a defendant can allege statements which will tend to impute improper prosecutorial motive when the charges are based on the same nucleus of criminal conduct which gave rise to the original charge.

This is why in our decisions we have held that "[a]n increase in the severity or number of charges if done without vindictiveness may [be justified by simple] explanation." *Hardwick v. Doolittle,* 558 F.2d 292, 301 (5th Cir.1977), *cert. denied,* 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801. When it is shown that the number of charges has been increased or the severity of the potential sentence has increased after a successful appeal, the criminal defendant has established a *prima facie* case. *Id.* But the prosecutor may rebut this *prima facie* case by demonstrating that his purpose for increasing the severity of the charges was due to some objective reason and not to punish a defendant for the exercise of a legal right. *Id.*

We have also indicated that explanations categorically sufficient to rebut a presumption of vindictiveness include (i) mistake in the prosecutor's initial action or charging decision, (ii) oversight in the first trial or charging decision made by the prosecutor, (iii) a different approach to prosecutorial duty by a successor prosecutor, (iv) a public demand for prosecution on the additional crimes alleged. *Id.* at 301. This list is only illustrative, not exhaustive. What this amounts to and all the Supreme Court opinions discussing the doctrine of prosecutorial vindictiveness is a recognition that a presumption of vindictiveness is anything but irrebuttable. It can be overcome by showing that the prosecutor's action was not prompted by impermissible motives.

Our decision in *Jackson v. Walker,* 585 F.2d 139 (5th Cir.1978) does not undermine our decision in *Doolittle.* It simply employs a balancing test of the prosecutor's discretion and the defendant's right to appeal when the prosecutor has added on charges which relate to the same basic criminal activity which was the subject of the original indictment. In applying this test, we simply determine whether we should forbid the prosecutor to increase the sentence because it may have a chilling effect on the exercise of a criminal defendant's right to appeal or whether objective nonvindictiveness explanations can be given for the prosecutor's action. It is a weighing of factors which we look to. Our examination of the prosecutor's action necessarily looks to whether or not his action gives rise to a "*realistic* likelihood of vindictiveness." *Blackledge v. Perry,* 417 U.S. at 27, 94 S.Ct. at 2102. (emphasis supplied). Thus, we reaffirmed in *Jackson* our insistence that "a court should not interfere with the prosecutor's exercise of discretion unless a determination of *actual vindictiveness* is made. *Jackson v. Walker,* 585 F.2d at 148. (emphasis supplied).

Our requirement in *Jackson* that a showing of actual vindictiveness be made actually foreshadowed *Goodwin.* In *Goodwin,* the Supreme Court emphasized that there was never a showing made in the district court that the prosecutor in that case had engaged in actual vindictiveness. *See United States v. Goodwin,* —— U.S. at ——, 102 S.Ct. at 2493, 73 L.Ed.2d at 85. Absent a showing of actual vindictiveness a court should be hard pressed to find that a prosecutor's action has been vindictive, i.e., served to punish a defendant for the exercise of a legal right. Because of the majority's complete disregard of the import of the decisions in *Jackson, Doolittle,* and *Goodwin,* my views would be portrayed to be at odds with the decisions themselves. Such is not the case, however. Time and again the Supreme Court has iterated that

> The due process violation in cases such as *Pearce* and *Perry* lay not in the possibility that a defendant might be deterred from the exercise of a legal right, but rather in the danger that the State might be retaliating against the accused for lawfully attacking his conviction.
>
> To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the state to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is 'patently unconstitutional.'

*Bordenkircher v. Hayes,* 434 U.S. 357, 363, 98 S.Ct. 663, 667, 54 L.Ed.2d 604, 610 (1978) (citations omitted).

Thus, I conclude that a presumption of vindictiveness cannot continue to operate when the prosecutor has shown that increased charges upon remand after a criminal defendant's successful appeal were not prompted by an improper motive. It is only when the prosecutor acts out of a desire to punish a criminal defendant for an exercise of a legal right, can there actually be a "realistic likelihood of vindictiveness."[1] The core concern of all the decisions on prosecutorial vindictiveness is that the government not penalize a criminal defendant for exercising a constitutional right. That is all, plain and simple. No other fancy explanation of the decisions is needed.

Even the possibility of a harsher sentence, standing alone, is not impermissible.[2] The "constitutional validity of higher sentences in the absence of vindictiveness" is not in doubt "despite whatever incidental deterrent effect they might have on the right to appeal." *Chaffin v. Stynchcombe,* 412 U.S. 17, 29, 93 S.Ct. 1977, 1984, 36 L.Ed.2d 714, 725 (1973); *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Parker v. North Carolina,* 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); Cf. *McGautha v. California,* 402 U.S. 183, 213, 91 S.Ct. 1454, 1470, 28 L.Ed.2d 711, 729 (1971).

Hence, when the inquiry is focused (as it should be) on the penal purpose of the prosecutor's action in this case, it is clear that there is none. The district court explicitly found that "[i]n having the superseding indictment returned, the government was not concerned with increasing the amount of punishment to which the defendant would be exposed." Frankly, I find it unnecessary to go beyond this determination. If no impermissible motive can be attributed to the government in its reindictment of Krezdorn, then its action passes constitutional muster. Implicit in this finding is a rejection of any contention of vindictiveness on the part of the prosecutor. The court also found as fact that the "primary, if not sole, purpose of the government in having a superseding indictment returned was to overcome the Fifth Circuit's objection to the [erroneous introduction of the 32 forgeries into evidence]." The district court further

1. Because I reach this conclusion based on the controlling precedent, it simply confounds common sense and good law practice to suggest, upon the facts of this or similar cases, that defendants or defense counsel will in the future fail to object at trial to what they consider prejudicial evidentiary submissions or to appeal what they consider clearly erroneous evidentiary rulings—the only standard by which an appellate court can reverse a questionable evidentiary ruling—out of some supposed apprehension of prosecutorial retaliation. That presumption is fallacious not only because of its untruth, but also because it wholly fails to consider the consequences of a defendant's failure to object or appeal from what he considers prejudicial evidentiary rulings. The consequences are oppressive. A failure to object renders the issue unreviewable on appeal, a cost I think most competent counsel and defendants are unwilling to pay. Second, the stakes in a criminal trial are simply too high for a defendant to play possum on an erroneous evidentiary submission. For instance, without particular evidence, a jury might be bereft of any evidence upon which to peg a guilty verdict. Therefore, no counsel or defendant in his right mind would forego an objection since the possibility of acquittal is not remote.

Likewise, it would be foolhardy for counsel to forego a non-frivolous appeal based on improper evidentiary rulings. A victory on appeal would have the same effect as a sustained objection at trial to an admission of evidence. Without the excluded evidence a conviction may stand a good chance of reversal based on evidentiary insufficiency, which would foreclose any possibility of additional charges or a new trial because of double jeopardy precepts. *See Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

2. Make no mistakes, I am not of the view that a prosecutor is free to do whatever he wants in the reindictment of a defendant upon remand after successful appeal. He is still to act in a manner consistent with the Constitution, the Canons of Ethics, and never in contravention of established legal principles, and rarely, if ever, should he be oblivious to departmental policy and the possibility of "fundamental unfairness" being dealt to the criminal defendant because of callous and careless action on the part of the prosecutor. Whatever reservations I express to giving the prosecutor *carte blanche* in his charging decisions upon retrial, and suggested constraints the legal profession places on him, the foremost concern of the Constitution is that he not endeavor to *punish* a criminal defendant for the exercise of a legal right. More constraints than these on the prosecutor's discretion is a gratuity to the criminal defendant. But the prosecutor may always recall that he is to protect public interest, prosecute fairly but with zeal, persons indicted for criminal conduct.

explained and found that "the government's purpose was to make evidence of these extraneous forgeries admissible as overt acts in a conspiracy between the defendant Krezdorn and a [co-conspirator]." The court also found that the prosecutor did not even think that the additional charge of conspiracy would result in Krezdorn receiving a punishment in excess of the one given him at the initial trial. What is even more interesting about the facts of this case is that this charging decision upon retrial could well be laid to this Court's suggestion that the evidence possibly would be admissible in a conspiracy charge. *United States v. Krezdorn,* 639 F.2d 1327, 1331 n. 7 (5th Cir.1981).

Despite these rather clear factual findings, the majority chooses to uphold the legal conclusion of the district court that "[t]he fact that the prosecutor here is not concerned with increasing the defendant's punishment or the fact that the defendant's punishment may not be actually increased is not determinative." With profound respect to the experienced district judge, I submit that this conclusion is profoundly wrong and the majority's implicit adoption of it engenders the profoundest bewilderment. It simply makes no sense to say that there is present in this case prosecutorial vindictiveness—a constitutionally impermissible reaction of the prosecutor to punish a defendant after he has successfully appealed—and find it totally irrelevant for all practical purposes that the prosecution did not seek to punish Krezdorn for exercising his right of appeal, i.e., engage in prosecutorial vindictiveness. The prosecutor either did or he did not. But the majority, in upholding the district court, concludes that he did *and* did not. This, of course, makes no sense. Since the prosecutor offered an explanation which was eminently reasonable and fully credited by the district judge for his charging decision after retrial, this explanation should suffice. In fact, *any* other explanation for the prosecutor's responsive action which is offered to rebut the presumption would seem to suffice because it is not motivated by a desire to punish. *See Hardwick v. Doolittle,* 558 F.2d at 301.

More than has been said need not be said. I think the majority reached the wrong conclusion on these facts. Additionally, the law as it now stands ought to allow the prosecutor's action here to go unchallenged, unchanged and unreprimanded in view of the total and complete absence of a finding of actual vindictiveness. Because the district court found quite clearly and well with the imprimatur of Rule 52(a) that the prosecutor was not motivated to punish Krezdorn for exercising a right to appeal, I would hold that the judge's legal conclusion of prosecutorial vindictiveness is incompatible with his factual finding. It certainly does not permit us as an appellate court to disregard this factual finding and then leap to the dubious conclusion that the prosecutor's action had to be, although in fact it was not, vindictive.

I must, therefore, respectfully dissent.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC.

Before CLARK, Chief Judge, BROWN, GOLDBERG, GEE, RUBIN, REAVLEY, POLITZ, RANDALL, TATE, JOHNSON, WILLIAMS, GARWOOD, JOLLY and HIGGINBOTHAM, Circuit Judges.

BY THE COURT:

A member of the Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the cause shall be reheard by the Court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.