UNITED STATES of America,
Plaintiff-Appellee,

v.

John RUPPEL, Defendant-Appellant.

No. 83–2380

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 9, 1984.

Rehearing and Rehearing En Banc
Denied March 7, 1984.

Robert W. Ritchie, Richard A. Hamra, II, Knoxville, Tenn., for defendant-appellant.

Robert J. Wortham, U.S. Atty., Beaumont, Tex., Sidney M. Glazer, Acting Chief, Robert J. Erickson, Deputy Chief, Appellate Section, Crim. Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before REAVLEY, RANDALL and WILLIAMS, Circuit Judges.

PER CURIAM:

John Ruppel was convicted in May 1980 of conspiring to violate the drug laws and of possession of marijuana with intent to distribute. 21 U.S.C. §§ 841, 846 (1976 & Supp.1981). Among the eight claims asserted in Ruppel's direct appeal was that of prosecutorial vindictiveness. Ruppel argued that the Government violated due process when it reindicted him to bring the conspiracy and substantive drug charges after an earlier RICO indictment resulted in a mistrial because the jury was unable to reach a verdict. We affirmed Ruppel's conviction. 666 F.2d 261 (5th Cir.), *cert. denied,* 458 U.S. 1107, 102 S.Ct. 3487, 73 L.Ed.2d 1369 (1982). "Absent evidence of

actual retaliation, mere reindictment after a mistrial due to a hung jury is insufficient to demonstrate the realistic likelihood of prosecutorial vindictiveness . . . ." 666 F.2d at 267 (footnote omitted). Ruppel now challenges his conviction collaterally, 28 U.S.C. § 2255 (1976), raising as his sole ground the Supreme Court's intervening decision in *United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). *See Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). The district court denied relief, and we affirm.

Ruppel reads *Goodwin* to establish that changes in the charging decision made after the initial trial presumptively result from improper prosecutorial motives. The *Goodwin* Court undoubtedly focused on the salient differences between pretrial and posttrial settings in determining whether a presumption of prosecutorial vindictiveness applied. 457 U.S. at 371, 102 S.Ct. at 2493. But *Goodwin* and every other prosecutorial vindictiveness decision since the doctrine was announced have been rooted in the proposition that one cannot be punished for exercise of a protected right. *E.g., id.* at 371, 102 S.Ct. at 2488; *Bordenkircher v. Hayes,* 434 U.S. 357, 362–64, 98 S.Ct. 663, 667–68, 54 L.Ed.2d 604 (1978); *North Carolina v. Pearce,* 395 U.S. 711, 723–24, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969). Appellant unmoors developing doctrine from this original principle by ignoring one crucial fact: the altered charge in his case cannot have resulted from any exercise of right on his part. His first trial mistried not because of any action of appellant, but because the jury was simply unable to reach a verdict.

This case therefore presents no possibility of vindictiveness because Ruppel made no move for which the Government's decision to reindict can be seen as exacting retribution. *Compare United States v. Thurnhuber,* 572 F.2d 1307, 1309–11 (9th Cir.1977) (no vindictiveness in addition of counts after mistrial on hung jury) *with United States v. Jamison,* 164 U.S.App.D.C. 300, 505 F.2d 407, 415–16 (1974) (vindictiveness presumed from increased charges after trial court granted mistrial on defendant's motion). *But see United States v. Motley,* 655 F.2d 186 (9th Cir.1981). The freedom of criminal defendants to exercise their legal rights is neither infringed nor chilled by the possibility that should the jury be unable to reach a verdict the prosecutor might "up the ante." *See United States v. Krezdorn,* 718 F.2d 1360, 1365 (5th Cir.1983) (en banc). We find nothing in *Goodwin* to undermine our original decision that due process was not violated by reindictment in this case.

AFFIRMED.