**Carl RAETZSCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–85–094–CR.**

Court of Appeals of Texas, Corpus Christi.

April 24, 1986.

Hector De Pena, Jr., Corpus Christi, for appellant.

Grant Jones, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a conviction for burglary of a building, enhanced by proof of a prior felony conviction. A jury found the appellant guilty and assessed punishment at a twenty-six-year prison term and

a $1,000.00 fine. Appellant had previously been indicted and tried for the same offense, but without the enhancement allegation. The trial judge in that case declared a mistrial on appellant's motion after the jury indicated it was unable to reach a verdict.

■ Soon thereafter, the State reindicted appellant and added an enhancement paragraph to the burglary charge, the prior felony conviction for distribution of heroin. Under the first indictment, appellant faced a possible sentence of twenty years. He contends that the superseding indictment, under which he received a twenty-six-year sentence due to the enhancement allegation, raises a presumption of prosecutorial vindictiveness in violation of the due process rule announced in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). The State concedes on appeal that retrial with the added enhancement allegation entitles the appellant to a new trial. We disagree in this case.

*North Carolina v. Pearce* held that the due process clause of the fourteenth amendment was offended by an appearance of vindictiveness against a defendant who had successfully challenged his conviction. *Blackledge v. Perry* applied this rule to the actions of a prosecutor. To protect defendants from vindictiveness by governmental authorities and to prevent defendants from being deterred from exercising a procedural or constitutional right, the Supreme Court established a prophylactic rule of review. *United States v. Motley*, 655 F.2d 186, 188 (9th Cir.1981). Where circumstances appear which pose a realistic likelihood of vindictiveness, such as receiving a longer sentence from the same trial judge after a successful appeal (*Pearce*), a presumption of vindictiveness arises. *United States v. Goodwin*, 457 U.S. 368, 373–74, 102 S.Ct. 2485, 2488–489, 73 L.Ed.2d 74 (1982). The government then bears the burden of rebutting the presumption by affirmative proof. *North Carolina v. Pearce*, 395 U.S. at 726, 89 S.Ct. at 2081;

*United States v. Krezdorn*, 693 F.2d 1221 (5th Cir.1982), *cert. denied*, 455 U.S. 1066, 104 S.Ct. 1416, 79 L.Ed.2d 742. Since the *Pearce* rule seeks to free the criminal defendant from the *apprehension* of retaliation, *Pearce*, 395 U.S. at 725, 89 S.Ct. at 2080, the task of the reviewing court is to analyze the appearance of vindictiveness from the facts of each case, not to inquire into the motives of the prosecutor. *Krezdorn*, 693 F.2d at 1229; *see also United States v. Motley*, 655 F.2d at 188–89; *United States v. Andrews*, 633 F.2d 449, 453–55 (6th Cir.1980); *United States v. Burt*, 619 F.2d 831, 837 (9th Cir.1980); *United States v. Griffin*, 617 F.2d 1342, 1347 (9th Cir. 1980).

In *United States v. Ruppel*, 724 F.2d 507, 508 (5th Cir.1984), the defendant was reindicted and convicted after his first trial ended in a mistrial. In deciding appellant's claim of prosecutorial vindictiveness, the Court of Appeals for the Fifth Circuit compared *United States v. Thurnhuber*, 572 F.2d 1307 (9th Cir.1977), with *United States v. Jamison*, 505 F.2d 407 (D.C.Cir. 1974), for guidance. *Thurnhuber* held that the presumption of vindictiveness did not apply, even though the prosecution added counts to the new indictment, where the trial court in the original trial had declared a mistrial on its own motion after the jury was unable to reach a verdict. By contrast, vindictiveness was presumed in *Jamison*, where the defendant moved for mistrial during the trial based on ineffective assistance of counsel. The *Jamison* court held that retrying the defendant for first-degree murder, when he was originally tried for second-degree murder, resulted in a constitutionally impermissible appearance of vindictiveness. The *Ruppel* court found the distinction between *Thurnhuber* and *Jamison* was that, in *Thurnhuber*, the defendant had done nothing to win his mistrial, whereas, in *Jamison*, the mistrial was declared, in the middle of the trial, by defendant's assertion of inadequate counsel. Since the defendant in *Ruppel had not affirmatively asserted his rights*, the Fifth Circuit refused to presume a retaliatory motive on the part of the prosecution. The

Fifth Circuit had already decided, in Ruppel's original appeal,[1] that a trial followed by a mistrial must be examined differently, under the *Pearce* rule, from a trial following a reversed conviction. *Ruppel*, 666 F.2d at 267.

The parties have not cited us to a Texas case involving facts similar to those before us, and we have found none. Appellant relies on *Bouie v. State*, 565 S.W.2d 543 (Tex.Crim.App.1978), in which the original trial was for robbery by assault. The conviction and ten-year sentence was reversed on appeal. The defendant was reindicted as a habitual criminal by the allegation of two prior felony convictions, and, on conviction, was sentenced to life in prison. The Court of Criminal Appeals held that the presumption of vindictiveness applied, and the burden shifted to the prosecution to show "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id.* at 546 (quoting *Pearce*, 395 U.S. at 726, 89 S.Ct. at 2081). *See also Palm v. State*, 656 S.W.2d 429 (Tex.Crim.App.1981); *Ronk v. State*, 578 S.W.2d 120 (Tex.Crim.App.1979); *Ex parte Bowman*, 523 S.W.2d 677 (Tex. Crim.App.1975).

The presumption of vindictiveness need not be applied in this case, because the circumstances of retrial were explained by the prosecution and do not indicate to us vindictiveness. Here, for instance, the record does not include a statement of facts from the original trial, in which a mistrial was declared. However, we accept the facts as set out in appellant's brief, for argument purposes. The brief states that the mistrial was declared on appellant's motion after the jury had deliberated six or seven hours and had told the trial judge it was unable to reach a unanimous verdict. We have no indication whether this motion was vigorously opposed by the State,

whether it was even discussed, or whether the State agreed to it.

We do have the statement of facts from the second trial, from which this appeal is taken. In appellant's pretrial motion to strike the enhancement allegation, the prosecutor took the stand to explain her reason for adding the count alleging the prior conviction. She stated that, at the time of the first trial, she had not obtained a "pen pack"[2] from the federal authorities that she considered adequate to support the enhancement allegation. For that reason, she did not seek to reindict appellant and add the enhancement paragraph before the first trial. After the mistrial was declared, the State sought reindictment in order to add the enhancement allegation. The prosecutor testified that she either had an adequate pen packet or felt she could get one in time for trial. The original burglary count was left unchanged. She also testified that a third indictment was obtained because the defense wanted the name of the building alleged in the indictment. This third indictment presents the charge on which appellant's conviction was obtained.

*United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), teaches that the prosecutor exercises considerable discretion in deciding what charge to bring against a particular defendant. The charging decision is not foreclosed from *Pearce's* presumption rule, but neither is an inflexible presumption to be applied. *Id.* at 381–82, 102 S.Ct. at 2492–493, *see also United States v. Andrews*, 633 F.2d at 453–54; *United States v. Griffin*, 617 F.2d at 1347. We do not have in this case a prosecutor who reopens a previously completed exercise of discretion, as in *United States v. Krezdorn*, 693 F.2d 1221, 1228 (5th Cir.1982). Even though the prosecutor was aware of the fact of the prior felony conviction before going to trial under the

---

**1.** *United States v. Ruppel*, 666 F.2d 261 (5th Cir.1982), *cert. denied*, 458 U.S. 1107, 102 S.Ct. 3487, 73 L.Ed.2d 1369, had affirmed the conviction on direct appeal. The 1984 decision discussed in this opinion resulted from a collateral attack.

**2.** This term refers to the criminal record of a present or former inmate, on file at the penitentiary, which is used to prove the commission of a prior offense.

first indictment, her testimony adequately explains her failure to add the enhancement allegation in that instrument. Her decision was not based on her discretionary evaluation of the danger to society of appellant and his crime. Rather, her failure to allege the prior conviction was due to her professional opinion that the pen packet then available might be inadequate to support the allegation. Her later decision to reindict with the enhancement count added was due to receiving a better pen packet, not directly because of any action of appellant in asserting a procedural or constitutional right.

Indeed, the action of appellant in seeking a mistrial does not of itself support appellant's contention that reversal is required. Without a statement of facts from the first trial, we are unable to declare that appellant took the type of action which would provoke a retaliatory response from the prosecutor. We find this case closer to *United States v. Ruppel*, 724 F.2d 507 (5th Cir.1984), and *United States v. Thurnhuber*, 572 F.2d 1307 (9th Cir.1977), where hung-jury mistrials did not require reversals, than to *United States v. Jamison*, 505 F.2d 407 (D.C.Cir.1974), where the defendant successfully won a mistrial before the trial's conclusion.

The prosecutor's explanation of the procedural history of appellant's prosecution adequately negated any reasonable likelihood of vindictiveness, especially in view of the context of appellant's motion for mistrial. *See United States v. Andrews*, 633 F.2d at 456. We cannot say (without examining the statement of facts in the first trial) that the mistrial was declared solely because of appellant's motion, or that it appeared to provoke the prosecutor into adding the enhancement allegation. We hold the *Pearce* rule does not require reversal in this case.

■ Appellant has filed two *pro se* briefs assigning error to the trial court's determination that his inculpatory statement was voluntary. The voluntariness of appellant's statement was litigated at the first trial outside the presence of the jury.

The trial court at that time determined that the statement was admissible and filed findings of fact and conclusions of law. At the second trial, appellant again objected to the admissibility of the statement on the grounds that it was involuntary. The jury was excused, and another hearing was convened on the voluntariness issue. *See Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); TEX.CODE CRIM.PROC.ANN. art. 38.22, § 6 (Vernon 1979). By agreement of the parties, this was a supplemental hearing, which incorporated the pleadings and proof and the findings of the trial court from the first trial. We do not have the record of the first *Jackson v. Denno* hearing before us. Nothing is presented for review. *Hale v. State*, 509 S.W.2d 637 (Tex.Crim.App.1974); *Slade v. State*, 400 S.W.2d 570, 571 (Tex. Crim.App.1966); *Aguirre v. State*, 680 S.W.2d 567, 570 (Tex.App.—Corpus Christi 1984, no pet.).

Appellant's grounds of error are overruled, and the judgment of the trial court is affirmed.